DANIEL HUNT, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7703.   Promulgated March 22, 1927.

1. No profit was realized by the petitioner from the conveyance by him to his daughter in the year 1920 of certain real estate involved herein.

2. An allowance for the exhaustion, wear and tear of a certain building owned by the petitioner, computed at the rate of 2 per cent, *held* to be reasonable.

3. Amounts drawn by the petitioner in the years 1920 and 1921 from a corporation in which he held a controlling interest, *held* to constitute distributions of profits, and therefore are taxable as dividends.

*Phil D. Morelock, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income taxes for the years 1920 and 1921, in the amounts of $1,345.53 and $2,676.67, respectively.

FINDINGS OF FACT.

The petitioner is an individual residing at Tulsa, Okla.

On February 18, 1920, the petitioner conveyed to his daughter, Sarah Elizabeth Casebeer, by warranty deed, certain real estate situated in Tulsa, Okla. On March 19, 1923, he executed and delivered to his daughter a quitclaim deed correcting an error in the description of the real estate conveyed by the deed of February 18, 1920. The deed of February 18, 1920, recited a consideration of $3,000, and the deed of March 19, 1923, a consideration of $1. The real estate covered by these deeds was in fact conveyed by the petitioner to his daughter as a gift and he was paid no consideration in money or money's worth.

During the years 1920 and 1921, the petitioner was the owner of a building located in Tulsa and known as the " Marquette Building." This building was erected in the years 1913 and 1914 and was a three-story and basement brick and steel structure, with plaster and wood interior. The useful life of the building was 50 years.

During the years 1920 and 1921 the petitioner was the owner of 467 shares of the capital stock of the Hunt Company, a corporation operating a department store. The remainder of the capital stock of the company, consisting of 190 shares, was owned by the petitioner's children.

No dividends were ever declared by the corporation, but in the year 1920 the petitioner withdrew from the corporation, out of earnings, the amount of $15,698.76, and in the year 1921 he withdrew the amount of $39,101.30. These amounts were in addition to the salary paid him by the corporation, and they were charged to his account and notes therefor were subsequently given by him to the corporation. The money so withdrawn was invested by the petitioner in real estate, the title to which was taken in his own name. In the year 1920 there was charged to petitioner's sons on the books of the corporation the amount of $21,278.13, and to his daughter, Mrs. Casebeer, the amount of $2,401.09. In the year 1921 there was charged to the petitioner's sons on the books of the corporation the amount of $10,877.92. Part of the amounts charged to the sons was for merchandise purchased and the remainder was for cash withdrawn, and the entire amounts so charged were in addition to salaries paid them by the corporation. The sons afterwards gave notes for the amounts charged to them. The notes given by the petitioner and his sons to the corporation to cover the amounts charged to them in 1920 and 1921 were subsequently charged off as uncollectible. The corporation was dissolved in the year 1924.

The respondent, upon audit of the petitioner's income-tax return for the years 1920 and 1921, determined that the petitioner had realized a profit of $1,941.80 in the year 1920 on the sale to his daughter of the real estate mentioned, and that the amounts of $15,698.76 and $39,101.30, withdrawn by him from the corporation in those years as herein set forth, constituted dividends to him. The respondent also allowed the petitioner in each year a deduction for the exhaustion, wear and tear of the petitioner's building, computed at the rate of 2 per cent.

OPINION.

MARQUETTE: The evidence shows that in the year 1920 the petitioner conveyed to his daughter certain real estate referred to in the findings of fact; that the conveyance was made to the daughter as a gift and that the petitioner received no consideration therefor in money or money's worth. The petitioner, therefore, did not realize any profit from the transaction.

The evidence also shows that in the years 1913 and 1914 the petitioner erected a building in Tulsa, Okla. The petitioner and the respondent are in accord as to the cost of the building but do not agree as to the rate that should be used in computing the allowance for the exhaustion, wear and tear thereof. The respondent has determined that the building has a useful life of 50 years, while the petitioner contends that its useful life is not to exceed 25 years, and

that the allowance for exhaustion, wear and tear should be computed at the rate of 4 per cent. The only evidence submitted by the petitioner in support of his contention was the testimony of a real estate dealer of Tulsa, who testified that while the physical life of the building might be more than 50 years, in his opinion it would have to be torn down not later than 10 years from the present date, for the reason that the ground on which the building is situated is becoming so valuable that the building would not, after that time, bring adequate returns on the increased value of the ground.

The property was sold by the petitioner in 1924 at a very large profit and at the present time is apparently producing an adequate return on the investment. There is no satisfactory evidence before us that it will not continue to produce an adequate return over its useful life as determined by the respondent, or that it will become obsolete before that time.

The respondent has determined that the amounts withdrawn by the petitioner from the Hunt Company in the years 1920 and 1921, under the circumstances set forth in the findings of fact, represent distribution of profits and should be taxed to the petitioner as dividends. The petitioner contends that they represent advances to him by the corporation, which he intended to repay and that they do not constitute income. Upon consideration of the evidence, we are of the opinion that the Hunt Company was a close corporation owned by petitioner and his children, and that while no dividends were ever formally declared, the petitioner and his children helped themselves to the corporation's earnings at such times and in such amounts as they saw fit. While notes were given to the corporation by the petitioner and his sons for the amounts so withdrawn, these notes were charged off as worthless, although it is clear that the petitioner could have paid the notes he gave. The evidence does not convince us that it was ever intended that these notes would be paid, and we therefore hold that the amounts in question, withdrawn by the petitioner from the corporation, constituted distributions of profits and that they should be treated as dividends and taxed as income to the petitioner.

*Judgment will be entered on 15 days' notice, under Rule 50.*