## LEO G. HADLEY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5383. Promulgated April 25, 1927.

Amounts credited by a close corporation to its principal stockholder as a distribution of earnings in the same account with other substantial credits consistently over a period of years, from which account the stockholder withdrew varying amounts at his pleasure, while another stockholder was regularly paid his distributive share of earnings in cash, and there being no evidence as to whether the return and accounts of the stockholder were on the receipts or the accrual basis, *held* the amounts so credited are income to him.

*Luther F. Speer, Esq.,* and *Fred A. Woodis, Esq.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

This proceeding involves an aggregate deficiency of $9,464.18 for the calendar years 1917, 1918, and 1919. The controversy arises by reason of the fact that the Commissioner included in the petitioner's income as dividends certain amounts credited to the petitioner on the books of a corporation of which he was one of the principal stockholders. Most of the facts are stipulated by the parties, and are hereafter set forth in the form stipulated.

### FINDINGS OF FACT.

The petitioner is an individual residing in St. Louis, Mo.

The Hadley-Dean Glass Co. is a corporation organized under the laws of the State of Missouri in 1897. Its business is the manufacture and sale of plate and window glass. The following is a list of the stockholders and a statement of their holdings from the date of organization through the taxable years involved in this proceeding:

Owen M. Dean_____ 105 shares
Leo G. Hadley_____ 94 shares
George G. Heffernan_____ 1 share

From 1898 to 1910, the directors of the corporation held annual meetings in December and declared dividends to the stockholders. The last express declaration of dividends was on December 31, 1909, from the earnings of that year, and the dividend was credited to the stockholders on the books of the company on January 1, 1910. The corporation did not own a building in which to do business, and these dividends were declared for the purpose of enabling the two principal stockholders, Dean and Hadley, to accumulate sufficient funds with which to build a building.

From 1897 up to and including 1910 there were also credits to the account of the petitioner for salary, interest, and cash contributed to the business by him.

From 1910 to 1918, inclusive, there were no express declarations of dividends by the board .of directors. Heffernan was paid one two-hundredth of the net earnings, and the balance of the earnings was allowed to remain in the business, one-half being credited to Dean and one-half to petitioner, notwithstanding the fact that Dean owned 105 shares and petitioner 94 shares of the stock of the corporation. The accounts of both these individuals were also credited with salaries, rentals, and an equal amount of interest, computed sometimes upon the basis of the capital stock of the corporation and sometimes with additional amounts which appear to have been computed in various ways, sometimes upon monthly balances, sometimes upon individual loans, and sometimes in an amount which Dean supposed was a legal interest deduction for income tax purposes under the then existing tax laws. An accurate determination of the basis in each case is not possible from an examination of the books. The rate of interest used in computing interest credits varied for the different years. The amounts credited were arbitrary and generally at much less than the legal rate.

The books were kept in an unscientific manner. Dean acted as bookkeeper, and Hadley, who is not an accountant or bookkeeper, occasionally made an inspection to determine whether or not they were, in his judgment, correct.

The earnings of the corporation for the calendar year 1918 amounted to $122,342.22. After the payment to Heffernan of his share of the earnings, $611.76, the balance was credited in equal amounts of $60,865.23 to the petitioner and Dean. The earnings of the corporation for the calendar year 1917 amounted to $125,763.80. After the payment to Heffernan of his share, $628.82, the balance was credited in equal amounts of $62,567.49 to the accounts of the petitioner and Dean. The earnings of each year were credited to the accounts on January 2 of the following year.

The Commissioner made several adjustments in the amounts credited to the stockholders' accounts for taxes accruing against the income of the corporation and certain other minor matters. An adjustment of the earnings was also made upon the basis of the percentage of stock ownership of the two principal stockholders. Of the $60,865.23 of the earnings for the year 1916 credited to the petitioner's account on January 2, 1917, the respondent determined that $56,350.83 was a dividend to the petitioner in the year 1917. Of the $62,567.49 of the earnings for 1917 credited to the petitioner's account on January 2, 1918, the respondent determined that $27,603.71 was a dividend to the petitioner in 1918.

The following salaries were credited to the petitioner's account during the years stated:

| | | | |
|---|---|---|---|
| 1910_____ $12,500 | 1913_____ $17,500 | 1916_____ $10,000 |
| 1911_____ 12,500 | 1914_____ 10,000 | 1917_____ 2,000 |
| 1912_____ 15,000 | 1915_____ 10,000 | 1918_____ 15,000 |

During the years from 1910 to 1917, inclusive, the corporation credited to the accounts of the petitioner and Dean the following equal amounts for the rent of the building occupied by the corporation and owned and built by them from the dividends declared prior to 1910:

| | |
|---|---|
| 1910_____ $7,500 | 1914_____ $3,750 |
| 1911_____ 7,500 | 1915_____ 3,750 |
| 1912_____ 8,750 | 1916_____ 3,750 |
| 1913_____ 5,625 | 1917_____ 1,875 |

As to 1916, additional credits were made to the accounts of the two stockholders of $8,775.97 each, which was one-half of a discrepancy between the bank balance of the corporation and the balance sheets of the corporation, the discrepancy having been discovered by a revenue agent. A similar credit of $7,308.08 to the petitioner's account was made as to 1917, covering an accumulation in the bank balance of the corporation.

The balance on the petitioner's account as of January 1, 1910, the credits to the account subsequent to that date of earnings, other credits excluding earnings, total credits, withdrawals, the balance excluding earnings, and the balance including earnings, are as follows:

| Year. | Total credits (excluding earnings). | Earnings. | Total credits . | With-drawals. | Balance (excluding earnings). | Balance (including earnings). |
|---|---|---|---|---|---|---|
| Bal. per books Jan. 1, 1910____ | | | | | $72,659,25 | $72,659.25 |
| 1910_____ | $20,600.00 | _____ | $20,600.00 | $16,440.47 | 76,818.78 | 76,818.78 |
| 1911_____ | 24,503.58 | $3,693.55 | 28,197.13 | 16,257.39 | 85,064.97 | 88,758.52 |
| 1912_____ | 24,350.00 | 1,879.85 | 26,229.85 | 38,719.84 | 70,695.13 | 76,268.53 |
| 1913_____ | 25,631.91 | 2,812.71 | 28,444.62 | 14,182.19 | 82,144.85 | 90,530.96 |
| 1914_____ | 18,736.58 | 9,736.13 | 28,472.71 | 13,139.28 | 87,742.15 | 105,864.39 |
| 1915_____ | 16,828.00 | 477.98 | 17,305,98 | 13,077.05 | 91,493.10 | 110,093.32 |
| 1916_____ | 16,878.12 | 4,706.32 | 21,584.44 | 19,279.35 | 89,091.87 | 112,398.41 |
| 1917_____ | 15,885.32 | 60,865.23 | 76,750.55 | 96,295.78 | 8,681.41 | 92,853.18 |
| 1918_____ | 22,308.08 | 62,567.49 | 84,875.57 | 17,950.12 | 13,039.37 | _____ |

During the year 1918 the books of the Hadley-Dean Glass Co. were audited by public accountants and a modern accounting system installed. In connection with this audit the amounts to the credit of Hadley and Dean on the books of the corporation were credited to the surplus account set up by the accountants making the audit and were subsequently considered as surplus by the respondent.

All purchases made by the Hadley-Dean Glass Co. were paid for in cash within 10 days from the dates of the invoices, and advantage taken of cash discounts obtained thereby. The merchandise pur-

chases from December, 1916, to June, 1918, which were paid for in cash, are as follows:

| | | | |
|---|---|---|---|
| 1916—December | $90, 418. 59 | 1917—October | $28, 465. 23 |
| 1917—January | 44, 420. 18 | November | 30, 571. 55 |
| February | 39, 461. 14 | December | 5, 478. 38 |
| March | 21, 951. 52 | 1918—January | 26, 660. 45 |
| April | 23, 763. 48 | February | 16, 408. 56 |
| May | 17, 519. 74 | March | 53, 553. 63 |
| June | 26, 126. 30 | April | 550, 162. 68 |
| July | 24, 264. 84 | May | 42, 935. 62 |
| August | 31, 554. 15 | June | 36, 302. 71 |
| September | 20, 012. 72 | | |

The balance sheets of the corporation as of December 31, 1916, and December 31, 1917, are as follows:

| | Dec. 31, 1916. | Dec. 31, 1917. |
|---|---|---|
| *Assets.* | | |
| Cash | $36, 589. 18 | $88, 175. 05 |
| Merchandise | 201, 125. 93 | 166, 444. 61 |
| Fixtures | 4, 015. 00 | 4, 436. 00 |
| Accounts receivable | 83, 182. 78 | 75, 418. 79 |
| Total | 324, 912. 89 | 334, 474. 45 |
| *Liabilities.* | | |
| Accounts payable | $9, 197. 78 | $3, 158. 76 |
| Capital stock | 20, 000. 00 | 20, 000. 00 |
| Due Hadley | 112, 398. 88 | 90, 853. 65 |
| Due Dean | 62, 398. 88 | 91, 020. 95 |
| Balance—gain from operations | 120, 917. 35 | 129, 441. 09 |
| Total | 324, 912. 89 | 334, 474. 45 |

The inventories of the corporation on hand at December 31, 1916, and December 31, 1917, consisted of polished plate glass and window glass, and the stock of such glass contained in the inventory was necessary in the operation of the business of the Hadley-Dean Glass Co. The accounts receivable as of the same dates represented amounts due the corporation for the work of installing glass in buildings.

OPINION.

STERNHAGEN : The respondent, after an examination of the books of the Hadley-Dean Glass Co., and as the basis for his determination of the deficiency in question, has included within the petitioner's income certain amounts found to have been credited to him on the books of the corporation as his distributive share of the annual corporate earnings. The petitioner contests this because it attributes to him income which he alleges was never in fact received and was not in truth available for his use and enjoyment. Thus the issue offered

by petitioner is primarily one of fact provable by evidence. It is well established, as urged by petitioner's counsel, that in a close corporation such as this the formality of corporate action as between the corporation and its stockholders is not of primary importance. Corporate earnings may be distributed with the effect of dividends, although formal declaration by the usual resolution has not been made. The consideration in such cases is necessarily concerned largely with whether the evidence indicates a dividend or otherwise.

That there was in fact a consistent accounting by the corporation reflecting an annual distribution of its earnings to the stockholders, is plain. The petitioner, however, insists that such accounting does not truly reflect the fact.

The corporation credited to the stockholders not only salaries, rent, and an amount ambiguously called interest, but also a distribution of the earnings, not exactly in accordance with stockholdings but upon a basis satisfactory to the stockholders themselves. From these personal accounts the stockholders actually drew whatever cash they desired. Sometimes, as shown by the stipulated tabulation, these cash withdrawals were less than the annual credits, and sometimes more. So far as appears, there was no consistent relation between the annual credits and the annual withdrawals. As to the minority stockholder, however, there was a consistent cash payment to him of his pro rata share of the earnings. It is said that this payment to him was not made as a distribution but rather as additional compensation for attendance at directors' meetings, but we can not accept this as correct. Thus it appears that one stockholder actually received his distributable share of the earnings each year, and the remaining two stockholders, both of whom were actively in control of the business and its funds, caused their shares of the earnings to be credited to their personal accounts and withdrew them or not, at their pleasure.

A question of first importance is left entirely unanswered by the evidence, and that is whether the petitioner accounted for his income on the basis of actual receipts or on the basis of accruals. The stipulation ignores the question and Hadley as a witness did not know. Clearly on the accrual basis the credits were income. On the receipts basis, the evidence leaves it too uncertain to sustain the petitioner. Having it entirely within his power to withdraw the earnings, having caused the corporation to credit the amount, together with other substantial amounts, to his personal account, and having in fact withdrawn amounts indiscriminately from this personal credit, there is substantial warrant for the Commissioner's determination, and in our opinion the petitioner has not proven his cause.

*Judgment will be entered on 20 days' notice, under Rule 50.*