*1307 OPINION.
Sternhagen:
The respondent has held that the 1,507 shares of Emerson stock were received by decedent as a dividend, and that their agreed value was income free from normal tax and subject to surtax. Petitioner insists that they were received as a gift, and therefore excluded from decedent’s gross income by virtue of section 213(b) (3).
There is testimony by Floyd P. and Ennalls Waggaman that the decedent had devoted himself earnestly and successfully to preserving and expanding the estate of John F. Waggaman, their father, of which they were beneficiaries, and that for his long continued and successful efforts in their behalf and for his guidance and counsel they were deeply grateful. This prompted them to have the Emerson shares distributed equally among them. “We figured that Mr. Brawner for the work he had done for us was entitled to share with us.” As to the 500 shares distributed to Burnside, it was said, “ Burnside had no interest at all. * * * We gave him 500 shares more than he was entitled to under the distribution.”
We are unable to find that the transfer in question was a gift, and are of opinion that the respondent should be sustained. This was a distribution made by the corporation to its shareholders, and there is no evidence that it was not out of earnings or profits accumulated subsequent to February 28, 1913, as postulated by the respondent. Thus it is squarely within the statutory definition of a dividend in section 201(a), Revenue Act of 1926. The language of the corporate resolution is not entirely determinative of the nature of the distribution, nor is the fact that the distribution was to only some of the shareholders and not strictly in proportion to holdings. Hadley v. Commissioner, 36 Fed. (2d) 543, affirming 6 B. T. A. 1031. The other shareholders have not complained and must therefore, in this proceeding, be deemed to have ratified.
*1308 This transfer to decedent was but a part of the entire distribution of 5,020 shares, and any explanation or characterization of it must fit the whole. Obviously it will not do to say that a corporate distribution to its principal shareholders may be taken free from tax because the directors choose to call it a gift and explain it by their gratitude for the service and devotion of one of them. This would enable the taxpayers to determine their own tax liability by the mere use of words. This is especially so when the reason and motive for the distribution are applicable to but one and can not apply to the others. It would be peculiar if the same distribution were a gift to one and dividends to others, or, if it represented separate gifts to all, each upon different reasons.

Judgment will he entered for the respondent.