HUGH H. MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 36075.   Promulgated January 29, 1932.

*M. Manning Marcus, Esq.*, for the petitioner.
*James K. Polk, Esq.*, for the respondent.

OPINION.

STERNHAGEN: In 1923 the petitioner was the record owner of 90
per cent and George B. Samuel owned 10 per cent of the shares of
Holland Laundry. Petitioner was president and a director. By
virtue of some contract or arrangement with two others who had for-
merly been interested in the business and who were in some way
perhaps still interested, the petitioner was in some way accountable
to these persons. From 1914 through 1922, petitioner had borrowed
from the corporation sums which in 1923 aggregated $71,748.94.
The corporation was in some sort of difficulty and, at the suggestion
of one who was willing to invest in some of its shares, this account
was written off the books. For it the petitioner turned in 250 of
its preferred shares, having a par value of $12,500, which was
accepted at that value, and $601.61 cash. The remaining $58,647.33
was canceled and written off in accordance with the following reso-
lution of the directors adopted at a meeting of July 25, 1923, at
which both shareholders were present:

Whereas Hugh H. Miller is indebted to the company to a large amount and
Mr. Miller has turned over to the company in liquidation thereof all of his
realizable assets, except common stock of this company and such indebtedness
is deemed uncollectible, now therefore be it

Resolved, that $58,647.33 of the account of Hugh H. Miller be charged off as
an uncollectible debt, by crediting such account and debiting surplus as of
June 30, 1923.

The petitioner omitted from the income shown on his tax return
for 1923 any part of this $58,647.33. The respondent, citing Reg.
69, art. 52, held the amount to be a dividend and, by subjecting it to
surtax only, he determined a deficiency of $6,876.39. Petitioner con-
tends it was a gift, and was therefore excluded from gross income by
virtue of section 213 (b) (3), Revenue Act of 1921.

Both parties discuss the question whether the amount was collect-
ible from petitioner. That question is beside the point, for in either
event, the question remains whether the cancellation was a gift or

income. But the petitioner was not shown to be insolvent and continued to receive a substantial salary of from $10,000 to $18,000 per year. He also retained his common shares, which appear to have continued to be worth at least par, and it could not, therefore, be found as a fact, as it was stated in the resolution, that the debt was uncollectible, or that it did not substantially improve petitioner's financial position. Cf. *United States* v. *Kirby Lumber Co.*, 284 U. S. 1. Whether the cancellation is income is determined not by what the charge-off was called (although no language by the corporation itself expressly denoted a gift), but by the evidence of the circumstances which disclose its character. We think the evidence shows a distribution of surplus by a corporation to its principal shareholder, and this is a dividend as defined in the statute, section 201. See *Ida L. Dowling*, 13 B. T. A. 787; *Henry D. Muller*, 16 B. T. A. 1015. That there was surplus to support such a dividend appears from the balance sheets attached to the corporation's returns in evidence. At the end of 1922 its assets were $343,220.12 and its liabilities, $203,-514.05; preferred shares were $31,750 and common shares were $50,000, thus leaving surplus of $57,956.07. During 1923 the corporation had net taxable income of $6,618.95, and at the end of 1923, after charging off the petitioner's balance, it had surplus of $4,415.88. The lack of a *quid pro quo* does not amount to want of consideration. The relation of corporation and shareholder, the existence of substantial surplus, and the acquiescence of all shares is enough to support the dividend.

There is no support in the evidence for petitioner's point that the debt was not in fact canceled. Nor is there sufficient evidence to support the suggestion of an accountant that the amount was compensation for past services, so as to justify an increase in the deficiency.

*Judgment will be entered for the respondent.*