F. W. FITCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45552.   Promulgated January 31, 1933.

*J. G. Gamble, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted a deficiency in income taxes for 1925 in the amount of $3,554.04. The only question presented is whether the cancellation of certain indebtedness of petitioner by The F. W. Fitch Company, of which the petitioner was president and principal stockholder, is taxable as a dividend. The petitioner alleges that the amount represents a gift from The F. W. Fitch Company to petitioner and that it is not subject to tax.

On January 1, 1925, the petitioner was the record owner of 2,182 shares of The F. W. Fitch Company, which had 2,372 shares of stock outstanding. The stock not owned by petitioner was owned by employees of the company and petitioner's relatives. On December 17, 1925, 600 shares of petitioner's stock were transferred to his wife in a settlement connected with a domestic dispute. There were no other changes in stockholdings during the taxable year.

At December 23, 1925, the petitioner was indebted to The F. W. Fitch Company in the amount of $37,500, which was represented by a promissory note held by the company. At the meeting of the board of directors on that date resolutions were adopted as follows:

\*       \*       \*       \*       \*       \*       \*

A motion was made by L. J. Muehle and seconded by Gail W. Fitch, that the president, F. W. Fitch, be allowed an additional salary for the year 1925 of $24,000.00. The motion was carried by unanimous vote.

A motion was made by Gail W. Fitch and seconded by J. A. Williams, that in lieu of F. W. Fitch's credit balance of $11,971.76 with the company; and to offset the same in full; that his note held by the company for $37,500.00 be and is hereby cancelled and returned to him. Carried by unanimous vote.

On his income tax return for 1925, the petitioner reported the additional salary of $24,000 received from the corporation, but did not report any part of the $25,528.24 which represented the amount of indebtedness canceled. Upon audit of his return the respondent determined that the $25,528.24 represented a taxable dividend within

the meaning of Regulations 65, article 49, and determined the deficiency in controversy.

A similar question to that presented in the instant case was considered by the Board in *Hugh H. Miller*, 25 B. T. A. 418, where we held that the amount of indebtedness canceled was taxable as a dividend. In our opinion that decision is controlling here. At the time petitioner's indebtedness was canceled, the corporation had a surplus of approximately $100,000 although the balance sheet as of December 31, 1925, states a " Surplus Deficit " of $28,999.42. The balance sheet shows " Appropriated Surplus " of $100,000, but there was nothing to prevent distribution thereof if the directors so declared. The corporation had assets amounting to $339,331.46. Its liabilities totaled $31,130.88 and its capital stock amounted to $237,200.

*Decision will be entered for the respondent.*