Moses Cohen, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Nathan Rosenbaum, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Nathan Cohen, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Edward Godfried, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 54240–54243. Promulgated May 31, 1933.

*H. Kennedy McCook, Esq.*, for the petitioners.
*R. W. Wilson, Esq.*, and *S. B. Anderson, Esq.*, for the respondent.

OPINION.

GOODRICH: It is conceded that the amounts received by each of these petitioners from the corporation fall within the statutory definition[1] of "dividends"—a distribution to the shareholders out of profits accumulated since February 28, 1913—but there is dispute as to the time when the distribution was made and when the amounts, appearing on the books as accounts receivable, became dividends to be included in income. Respondent contends that the distribution was made and the amounts became dividends in 1928 when the accounts were charged off against the corporate surplus, and has included them in petitioners' respective incomes for that year. On the other hand, petitioners contend that distributions were made in the years when the withdrawals were made; that the amounts were dividends forthwith and should be included in their incomes for those several years prior to 1928, relying upon *Chattanooga Savings Bank* v. *Brewer*, 17 Fed. (2d) 79; *Christopher* v. *Burnet*, 55 Fed. (2d) 527; and *Leland* v. *Commissioner*, 50 Fed. (2d) 523.

We are not impressed by petitioners' argument. As pointed out in *Fred T. Wood*, 27 B.T.A. 162, the decisions relied on by petitioners do not lay the rule that every withdrawal of corporate funds is a

---

[1] Sec. 115 (a), Revenue Act of 1928; sec. 201 (a), Revenue Acts of 1924 and 1926.

dividend, or that every loan or advance made by the corporation to a shareholder is a distribution, as that term is used in the statutory definition of "dividend." In the cases there cited, and in the cases here cited by petitioner, the Commissioner had determined that amounts received by shareholders from corporations should be treated as income when received, and the complainants failed to convince the courts that the Commissioner's action was erroneous. In the case at bar, respondent has made a determination to the opposite effect; he has treated the withdrawals as loans or advances to the shareholders at the time received. We are not convinced that his action is erroneous. Apparently petitioners themselves did not regard the withdrawals as dividends at the time they were made, since, so far as this record discloses, they did not include these amounts as income in their returns for those years. Apparently, also, the corporation did not regard the withdrawals as distributions at the time they were made, for on its books it carried these debit balances as amounts owing to it by the shareholders. Respondent has based his determination upon the facts as presented to him by both the corporation and the shoreholders, and we see no reason to disturb his action.

There is no evidence of any distribution by the corporation prior to the adoption in 1928 of the resolution canceling the indebtedness of the stockholders and reducing the surplus. That action, which gave to the shareholders an undisputed right to the amounts previously advanced to them, did effect a distribution of the accumulated earnings of the company and constituted a dividend, properly to be included in income by the recipients at that time. *Hugh H. Miller*, 25 B.T.A. 418; *Jacob Loewer*, 13 B.T.A. 787; *Henry D. Muller*, 16 B.T.A. 1015; *Virginia H. Holden*, 9 B.T.A. 220.

Petitioners, on brief, call attention to certain of the statutes of Ohio respecting loans by a corporation to its officers, directors and shareholders and limiting the bringing of actions on behalf of the corporation for the collection of such advances to two years after the date they were made. They argue that the action of the corporation in 1928 did not serve to distribute to them any income because their indebtedness to the corporation for loans made to them prior to December 31, 1924, could not then be collected by suit. That has no bearing on the issue here, for those statutory provisions are for the benefit of a creditor or shareholder attacking an illegal dissipation of corporate funds. The validity of the loans made by the company is not here in question. However, these provisions, to an extent, tend to prove the character of the withdrawals, for they create a debt to the corporation, to the amount of the loan, due from the officers and directors permitting such loans to be made. Moreover, the statute of repose suspended only the remedy; it did

not cancel the indebtedness. That was done only in 1928 by proper corporate action and the fact that the company itself may have been barred from bringing actions against the shareholders for collection of their indebtedness does not change the character of the advances at the time they were made nor the effect of the distribution from surplus in 1928.

We need not discuss petitioners' suggestion that the cancellation of the indebtedness in 1928 amounted to a forgiveness of indebtedness by the company and a gift by it to its shareholders. There is no evidence here that the corporation had the power or made any attempt to distribute gratuitously its funds in violation of its duty to its stockholders. We will not assume that it did so. Cf. *Ida L. Dowling*, 13 B.T.A. 787; *Lincoln National Bank, Executor*, 23 B.T.A. 1304. Nor are we disturbed by petitioners' claim that respondent has treated advances made by the corporation in 1925 and subsequent years, and charged against surplus as a dividend in accordance with the resolution of October 16, 1928, as dividends in the years when received. Perhaps he was right, perhaps he was wrong—we need not decide, for those years are not before us. What respondent may have done at some other time, perhaps in view of different facts, does not affect our task of determining the issue presented to us.

*Judgment will be entered for the respondent.*