*477 OPINION.
Smith:
Petitioners plead limitation and allege that the respondent erred in including in their respective incomes the canceled notes, claiming that the notes were never intended to be paid, that they were erroneously transferred to the corporation, and that they were canceled to correct the error, or as a forgiveness of the debt.
Relative to the plea of limitation, it is sufficient to say that the petitioners’ counsel introduced in evidence the income tax returns for both petitioners for the taxable year. Both returns are stamped as being filed March 12, 1929, and on both appears in long hand “ waiver 12/31/31,” and attached to each, return by metallic fastener is a Form 872, dated February 16, 1931, “ Consent Fixing Period of Limitation upon Assessment of Income and Profits Tax,” by which limitation was extended to December 31, 1931. These written consents were in each case signed by the petitioner and the respondent, and came from proper governmental custody, and were introduced in evidence by petitioners’ counsel, as part of the returns, without one word of objection.
It is too late to question the genuineness of the waivers by petitioners on brief, when their counsel was responsible for their being in the record. We accept them as part of the record. The deficiency notices were mailed November 13, 1931, which was in time, and the plea of limitation is not good. The burden of proof to establish the plea of limitation is on the petitioners. Lester L. Robison, 22 B.T.A. 395.
Relative to the canceled notes, it does not appear that the trustee, Brawner, had any right to make advancements from the corpus to the petitioners, or either of them or to anticipate their income. Had this right existed the trustee would doubtless merely have required receipts for his protection. When this is considered in connection with the fact that the notes were listed in the written offer of sale as part of the assets of the Waggaman estate, were appraised by the board of directors of the corporation as part of the estate, and were conveyed to and accepted in part payment of stock in the corporation, part of which was subsequently distributed to petitioners, we can not hold that the notes were transferred to the corporation by mistake. It is significant also that the written proposition was approved in writing by petitioners, and that the notes were renewed and notes given for interest during the four years they were among the assets of the corporation.
It remains to consider whether the cancellation of the notes should be considered a gift, or a dividend.
*478 Section 115 (a) of the Revenue Act of 1928 provides in substance that any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28,1913, shall be considered a dividend ; while section 22 provides that the value of gifts shall be exempt from taxation.
In Lincoln Natl. Bank, Executor, 23 B.T.A. 1304; affd., in 63 Fed. (2d) 131, we had before us a transaction involving this same estate and corporation. The Waggaman estate was a stockholder in the Emerson Drug Co., which stock was transferred to the corporation. Thereafter a stock dividend was declared by the Drug Co., which stock was distributed by Waggaman & Brawner, Inc., among its stockholders by resolution of the directors, calling it a gift. The Commissioner held that the distribution was a dividend, which was approved by the Board as follows:
We are unable to find that the transfer in question was a gift, and are of opinion that the respondent should be sustained. This was a distribution made by the corporation to its shareholders, and there is no evidence that it was not out of earnings or profits accumulated subsequent to February 28, 1913, as postulated by the respondent. Thus it is squarely within the statutory definition of a dividend in section 201 (a), Revenue Act of 1926. The language of the corporate resolution is not entirely determinative of the nature of the distribution, nor is the fact that the distribution was to only some of the shareholders and not strictly in proportion to holdings. Hadley v. Commissioner, 36 Fed. (2d) 543, affirming 6 B.T.A. 1031. The other shareholders have not complained and must therefore, in this proceeding, be deemed to have ratified.
In the case of Hugh H. Miller, 25 B.T.A. 418, we held that the cancellation by a corporation, with the consent of its shareholders, of a debt from its president, who was its largest shareholder, created by withdrawals over a period of years, the corporation at the time of cancelation having substantial surplus and the debtor being solvent, was not a tax-free gift, but was taxable as a dividend.
The case of F. W. Fitch, 27 B.T.A. 615, is similar to that above cited, and we there held that where a corporation canceled an indebtedness of its president and principal stockholder it was a dividend and not a tax-free gift. See also Ida L. Dowling, 13 B.T.A. 787; Henry D. Muller, 16 B.T.A. 1015; Virginia H. Holden, 9 B.T.A. 220; and Moses Cohen, 28 B.T.A. 190.
The corporation in the instant cases had surplus and undivided profits far in excess of the canceled notes. It is clear that the notes were considered assets of both the estate and the corporation and were used for the purpose of making the stock of the latter fully paid and nonassessable. We hold that the cancellation of the notes must be considered a dividend.
Reviewed by the Board.

Judgment will be entered for the respondent.