## CEMENT GUN CO. v. COMMISSIONER OF INTERNAL REVENUE.

Court of Appeals of District of Columbia.
Argued October 15, 1929. Decided
November 4, 1929.

Rehearing Denied November 23, 1929.

No. 4794.

Chester A. Gwinn, of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, Thomas P. Dudley, Dorothy A. Moncure, and John Vaughan Groner, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from an order of the United States Board of Tax Appeals adjudging a deficiency in income and excess profits taxes against the appellant, Cement Gun Company, a corporation, in the amount of $327.99 for the year 1919, and $9,657.75 for the year 1920.

The sole question involved is whether or not appellant company is entitled to a deduction from its gross income allowable for the years 1919 and 1920 on account of depreciation or ·exhaustion under a certain license agreement purchased from the General Cement Products Company on January 1, 1914. The license was for the use of United States patents for what is known as "Cement Gun Process" for producing and depositing plastic and adhesive mixtures; and an apparatus for mixing and applying the materials, known as the "Cement Gun."

The contract under which the purchase was made is set forth at length in the findings of fact, and grants to the appellant company, in consideration of a royalty of 10 per cent. of the gross amount received from the sale of each Cement Gun, "the full and exclusive right to manufacture, use, sell and license others to manufacture, use, and sell, the said Cement Gun Process and said Cement Gun upon the terms, conditions, and limitations hereinafter set forth."

Under this contract the appellant company became the licensee of the patents, and at a meeting of the company held on August 14, 1914, the stockholders authorized an increase of the capital stock from $100,000 to $500,000. At a special meeting of the directors held on August 18th following, a proposition was offered by one Baldwin, attorney for the company, representing his brother who was the holder of 98 out of 100 shares of the capital stock of the company, for the conveyance to appellant company of all the net assets of the New York Cement Gun Company, which at this time were worth between $10,000 and $20,000. The proposition submitted by Baldwin also provided for the issuance to appellant company of a license from the General Cement Products Company to sell the products of the company in consideration of $10,000 in cash, $20,000 in notes, and stock of appellant company of the par value of $440,000. It was upon this basis that appellant company claimed a deduction from gross income for the years 1919 and 1920, based on an allowance for ·an exhaustion of the li-

censee's rights on an alleged original cost of $450,000.

The claim was disallowed by the Commissioner for the year 1919, but an allowance was made for the year 1920 in an amount less than that claimed. Appellant company appealed to the Board of Tax Appeals from the determination of the Commissioner. The Commissioner, however, prior to the hearing before the Board, filed an amended answer setting forth that the partial allowance for the year 1920 was erroneous and asking that the deficiencies found by him be increased in the amount allowed. This motion was granted by the Board, and the deficiencies found were based upon the averments in the amended answer of the Commissioner.

From the order of the Board this appeal was taken.

The Board found as a fact, and we think properly so, that the licenses were acquired by appellant company under its contract of January 1, 1914, directly from the General Cement Products Company, upon a royalty basis and not upon any capital outlay of cash or stock. It does not appear that the transaction of August 18, 1914, wherein it is alleged that appellant company accepted an offer from Baldwin to procure the licenses together with the assets of the New York Cement Gun Company for $10,000 in cash, $20,-000 in notes, and $440,000 par value of its stock, was a bona fide purchase of the licenses, since the licenses had already been procured under the contract of January 1st and operation had started under said licenses. If the August transaction was for the purchase of the licenses with a view of vacating the January contract, this fact is not disclosed by the evidence. Neither does it appear that the August purchase was to be considered as an additional consideration for the licenses over and above the royalty consideration provided for in the January contract. Nor can it from its terms be regarded as consideration for certain license concessions previously made by the General Cement Products Company to the New York Cement Gun Company, granting the use of the patents in a limited territory in and about New York City. It follows that appellant company has totally failed to establish that the licenses were acquired by the expenditure of capital cost either in cash or in stock, and, as found by the Board, there is no basis for an allowance for exhaustion.

It is urged that the Board of Tax Appeals committed error in increasing the deficiency as found by the Commissioner for the tax year 1920. Section 900 (e) of the Revenue Act of 1924, 43 Stat. 253, 337, provides

that "the Board and its divisions shall hear and determine appeals filed under sections 274, 279, 308, and 312." 26 USCA § 1216 note. Section 274 (a) of the Revenue Act of 1926, 44 Stat. 9, 55, provides: "If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail." 26 USCA § 1048.

In the event that the taxpayer appeals to the Board, subdivision (e) of section 274 vests the Board with jurisdiction "to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the commissioner at or before the hearing or a rehearing." 26 USCA § 1048 c.

In this case the Commissioner, in his amended answer to the Board, set forth the error in his determination of the deficiency for the year 1920, and requested that the deficiencies be increased by the amount of the partial allowance he had made for that year. This correction was made by the Board. The Board in its redetermination of the deficiency was acting clearly within its jurisdiction and authority.

The decision of the Board of Tax Appeals is affirmed, with costs.