## DAVISON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 49.

Circuit Court of Appeals, Second Circuit.
July 11, 1932.

For opinion below, see 21 B. T. A. 251.

Alfred T. Davison, of New York City (Emelyn L. MacKenzie, of New York City, of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and I. Graff, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The first question presented is whether gifts made by the petitioner to the Adelphic Literary Society of Wesleyan University are deductible as contributions to a corporation "organized and operated exclusively for charitable, literary or educational purposes." A deduction of $1,000 is claimed for 1925, under section 214 (a) (10) of the Revenue Act of 1924, 43 Stat. 269, 271, 26 USCA § 955 (a) (10), and a deduction of $260 for 1926, under the same section of the Revenue Act of 1926, 44 Stat. 26, 27, 26 USCA § 955 (a) (10).

The Adelphic Literary Society of Wesleyan University is incorporated under the laws of Connecticut "for the purpose of the intellectual and moral improvement of its members." Graduate and undergraduate members of the Wesleyan Chapter of Alpha Delta Phi, an intercollegiate fraternity, constitute the membership of the Adelphic Literary Society. The society owns a building in which some of its undergraduate members live and in which all of them have their meals. The building also contains a meeting hall where they hold weekly literary meetings. The use of this hall is occasionally granted to the faculty of Wesleyan University for meetings and for the reception of distinguished visitors. To these latter functions the whole college community is invited. The expenses of operating the building are assessed against members making use of its facilities for lodging and board, and are collected from them by the society; and, if the collection of assessments is less than expenses, contributions are solicited to make up the deficit. In 1925 the petitioner contributed to the society $1,000, which was solicited primarily for reconstructing the meeting hall above mentioned. In 1926 he made a similar gift of $250, and gave an additional $10 toward a deficit in the society's expenses for that year. The Board denied the right to deduct these donations on the ground that the corporation was neither organized nor operated exclusively for charitable, literary, or educational purposes. With this conclusion we agree. The society promotes "the intellectual and moral improvement of its members" not only by their literary meetings, but also by their social intercourse in living and eating together, and these social aspects seem to play a much larger part in the society's use of its building than do the literary and educational activities. In substance, the purposes and operations of the society are indistinguishable from those of the college fraternity, and such fraternities are not per se within the statutes. See Appeal of Francis Cooley Hall, 2 B. T. A. 931; Earl King v. Commissioner, 9 B. T. A. 502; Henry Wilson v. Commissioner, 16 B. T. A. 1280, 1288; cf. George E. Turnure v. Commissioner, 9 B. T. A. 871, 874; Fleming v. Reinecke, 52 F.(2d) 449 (C. C. A. 7); Army and Navy Club of America v. United States, 53 F.(2d) 277 (Ct. Cl.). Nor does the fact that the gifts, other than the $10 contributed toward the operating deficiency, were solicited primarily for reconstructing that portion of the building used for literary exercises, bring the gifts within the statute, unless the corporation to which they were given falls within its terms. See Estate of John C. F. Slayton, 3 B. T. A. 1343.

■ The next contention of the petitioner relates to the deduction of an amount representing the exhaustion of an investment by which he acquired a short-term lease containing an option for the purchase of the leased premises. In December, 1923, the petitioner paid $8,000 for the assignment of the lease in question. The property had been improved and advantageously sublet at a rental in excess of that payable to the original lessor, so that the petitioner would acquire by the assignment an income above expenses in the amount of about $1,800 per year until the expiration of the lease in July, 1926. The assigned lease contained an option for the purchase of the property (which the petitioner exercised in July, 1926), and he testified that this option was "one of the reasons" for his purchase of the lease. The Board found as a fact that the petitioner's only object was to secure the option, but such finding is not supported by the evidence, as he testified that the contemplated profits from the advantageous subleases were also "an inducement" to his purchase. And obviously they were, for in the two and one-half years which the lease had to run these profits would return more than half of the $8,000 investment.

In the year 1924 the profit was $1,876.10, and this sum the petitioner deducted in his income tax return as an amortization of the cost of the lease. In 1925 the profit was $1,754.22 and was again deducted, but the Commissioner in making his deficiency determination upon the 1925 return reduced the deduction by $863.63, allowing only $890.59 of the claimed deduction. Before the Board the Commissioner amended his answer to the taxpayer's petition so as to claim that none of the 1925 profit from the lease should be deducted as an amortization of the investment. As the Board held that no deduction was permissible, this amendment resulted in a redetermination by the Board of a deficiency for 1925 greater than that claimed by the commissioner in his deficiency notice.

The petitioner challenges the jurisdiction of the Board to assess a deficiency greater than the deficiency set out in the 1925 notice because he asserts that the statute of limitations had run before the Commissioner's amended answer was filed. This contention is without merit. Section 274 (e) of the Revenue Act of 1926 (44 Stat. 56, 26 USCA § 1048 (e), permits the Board to redetermine the correct amount of the deficiency, even if

it be greater than the deficiency stated in the Commissioner's notice to the taxpayer, "if claim therefor is asserted by the commissioner at or before the hearing or a rehearing." Cement Gun Co. v. Commissioner, 59 App. D. C. 121, 36 F.(2d) 107. The provisions of section 277 (b), Revenue Act 1926 (26 USCA § 1057 note), and section 274 (a) of the act (26 USCA § 1048) cause the running of the statute of limitations to be suspended while proceedings are pending before the Board.

We must consider, therefore, the merits of the dispute regarding amortizing the investment. The $8,000 was paid both for the leasehold and the option. So much of it as represents the cost of acquiring the leasehold should be regarded as an exhaustible capital investment returnable by annual deductions spread over the term of the lease. See Bonwit Teller & Co. v. Commissioner, 53 F.(2d) 381, 384 (C. C. A. 2); United States v. Boston & Providence R. R. Corp., 37 F.(2d) 670, 672 (C. C. A. 1). Indeed, this principle is not denied; but it is urged that nothing can be deducted because the evidence furnishes no basis for allocating a specific part of the $8,000 to the acquisition of the leasehold and the remainder to the acquisition of the option. It is true that the petitioner's testimony does not attempt to apportion his investment between the leasehold and the option; nor was any evidence offered to prove the value of a two and one-half year leasehold earning a net income of $1,750 per year. It is clear, however, that it had a value and that some part of the $8,000 was paid for that value. In Cohan v. Commissioner, 39 F.(2d) 540, this court held that the Board erred in allowing nothing to be deducted for the taxpayer's expenses of entertainment and travel because the exact amount so expended could not be accurately ascertained. See, also, Conrad & Co., Inc., v. Commissioner, 50 F.(2d) 576, 579 (C. C. A. 1); L. S. Plaut & Co. v. Commissioner, 46 F.(2d) 306, 307 (C. C. A. 3). Similarly in the case at bar we think it was error to allow nothing for depreciation of the investment in the leasehold. There was a basis in the evidence for some allowance, even though its exact amount might be somewhat speculative. Originally the Commissioner had allowed $890.59. This was an admission by a party to the litigation, which, though not conclusive upon him, was not entirely devoid of probative value as indicating his opinion of the capital investment in the leasehold. Since the lease had two and one-half years to run, adoption of $890.59 as the annual depreciation would mean that the original investment was considered to be $2,226. Certainly $2,226 cannot be an excessive amount to attribute to the investment in the leasehold when the net income to be produced during the term, at $1,750 per year, would be $4,375. We think the Board should have allowed the deduction originally allowed by the Commissioner, confirming the 1925 deficiency as determined by him instead of increasing it.

█ The 1926 deficiency was also increased by the Board, although the Commissioner had failed to assert any claim for an additional deficiency as required by section 274 (e) of the Revenue Act of 1926. This was clearly an error, and cannot be justified under Rule 50 of the Board's rules of practice. Rule 50 requires the computation of deficiency to be in accordance with the decision on the issues presented at the hearing of the proceedings on the merits. New issues, other than those relating to computation, cannot be raised upon computation of the tax under Rule 50. See Great Northern Ry. Co. v. Commissioner, 10 B. T. A. 1347, 1356, affirmed 40 F.(2d) 372 (C. C. A. 8); Metropolitan Business College v. Blair, 24 F.(2d) 176, 178 (C. C. A. 7).

The order is reversed, and the cause remanded for entry of an order in conformity with this opinion.