## WEILLER et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 4.

Circuit Court of Appeals, Second Circuit.
April 17, 1933.

Wilbur C. Davidson, of New York City, for petitioners.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Francis H. Horan, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Lewis S. Pendleton, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Louis Heilbroner died June 26, 1924, leaving a will of which the petitioners became executors. On June 24, 1925, they filed their return for the federal estate tax. On July 3, 1926, the Commissioner of Internal Revenue sent to these executors a "deficiency notice" fixing a deficiency in their tax at $20,178.84. This deficiency was based upon the failure of the executors to include in their tax return certain life insurance policies of the decedent payable to beneficiaries other than the estate. They appealed from the assessment of deficiency to the United States Board of Tax Appeals by petition filed August 31, 1926. On September 12, 1928, and more than three years after the filing of the federal estate tax return, the Commissioner filed an amended answer to the petition before the Board in which he alleged that three life insurance policies of

the face value of $98,000 should have been included in decedent's gross estate, and that the deficiency should be increased accordingly. These policies were in addition to those which had formed the basis for the deficiency determined by the Commissioner, and were not included in the amount stated as the gross estate in his deficiency letter to the taxpayer or in their return.

The Board of Tax Appeals held (1) that the three insurance policies should be included in the gross estate, and (2) that the claim for an additional tax had been properly asserted.

The original deficiency assessed by the Commissioner was paid by the taxpayers prior to the entry of the order upon the decision of the Board, and is no longer in question. That order, based on the inclusion of the three insurance policies in the gross estate of the decedent, fixed a further deficiency of $5,381.96, and is the basis of the present appeal.

█ The question presented to us is whether the Board of Tax Appeals could properly increase the deficiency assessed by the Commissioner by a claim for an additional tax, based wholly upon the three insurance policies, when they were mentioned for the first time in the Commissioner's amended answer to the taxpayers' petition to review the assessment before the Board.

The taxpayers contend that the Board was without jurisdiction to include the three insurance policies in the gross estate, and thus to increase the final tax deficiency, for the reason that those items were not included in the property on which the Commissioner's assessment was based or in the deficiency notice of July 3, 1926, mailed to the taxpayers. This contention is negatived by section 308 (e) of the Revenue Act of 1926 (26 USCA § 1102a), which regulates the procedure before the Board of Tax Appeals during the pendency of the review of the Commissioner's deficiency assessment by the taxpayers. It reads as follows:

"The board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the executor, and to determine whether any additional amount or addition to the tax should be assessed, if claim therefor is asserted by the commissioner at or before the hearing or a rehearing."

█ But the taxpayers insist that the foregoing subdivision only authorizes the Board to redetermine and increase deficiencies in tax returns made under the Act of 1926 and does not cover returns like the present made under the Act of 1924 (43 Stat. 253) or deficiencies arising out of a tax liability under that act. They say section 308(a) of the Act of 1926 (26 USCA § 1101), providing for an appeal to the Board after a determination and notice of deficiency, only relates to notices in respect to taxes imposed by the latter act because section 307 of the Act of 1926 (26 USCA § 1100) defines deficiency thus:

"As used in this chapter in respect of a tax imposed by this chapter the term 'deficiency' means—

"(1) The amount by which the tax imposed by this chapter exceeds the amount shown as the tax by the executor upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, refunded, or otherwise repaid in respect of such tax."

We can see no ground for supposing that this definition of deficiencies limits deficiencies to those under the Act of 1926. Section 1200(b) of the Act of 1926 (26 USCA § 1260a) provides that the Revenue Act of 1924 shall remain in force for the "assessment and collection of all taxes imposed by such Act." We think that the introductory words of section 307 of the Act of 1926 (26 USCA § 1100) were intended to limit the scope of the particular definition in that section to taxes imposed by that act but not to affect deficiencies under prior acts. Section 318(a) and 318(e) of the Act of 1926 (26 USCA § 1118(a, e) deals with deficiencies under prior acts, and 318(a) provides that if, after February 26, 1926, the Commissioner should determine that an assessment of an estate tax should be made under any of the prior acts, the amount should be computed under the act applicable but assessed and collected under the Act of 1926. How, after these provisions, it can be said that section 308(a) deprives the Board of authority to increase deficiencies arising under the Act of 1924 passes our comprehension. If such a contention were sound, and the Act of 1926 does not apply to the case at bar because it does not relate to deficiencies under the Act of 1924, there was no right to appeal to this court, for the right of such an appeal was first given in the Act of 1926, § 1001(a), 26 USCA § 1224(a).

Similar provisions empowering the Board of Tax Appeals to review deficiencies in in-

come taxes assessed by the Commissioner appear in the Act of 1926. They also give the Board jurisdiction to redetermine the correct amount of the deficiency "even if the amount so redetermined is greater than the amount * * * ·notice of which has been mailed to the taxpayer." See section 274(e) (26 US CA § 1048c). There are provisions in section 283(a) (26 USCA § 1064(a) dealing with deficiencies in income taxes under prior acts which exactly resemble those of section ·318(a) relating to estate taxes.

Our decision in Davison v. Commissioner, 60 F.(2d) 50, 51, construed section 274 (e) of the Act of 1926 (26 USCA § 1048c), and was to the effect that the Board of Tax Appeals could assess a deficiency in income taxes greater than that determined by the Commissioner under circumstances much like the present. We there said:

"The petitioner challenges the jurisdiction of the Board to assess a deficiency greater than the deficiency set out in the 1925 notice because he asserts that the statute of limitations had run before the Commissioner's amended answer was filed. This contention is without merit. Section 274(e) of the Revenue Act of 1926 (44 Stat. 56, 26 USCA § 1048(c), permits the Board to redetermine the correct amount of the deficiency, even if it be greater than the deficiency stated in the Commissioner's notice to the taxpayer, 'if claim therefor is asserted by the commissioner at or before the hearing or a rehearing.' Cement Gun Co. v. Commissioner, 59 App. D. C. 121, 36 F.(2d) 107. The provisions of section 277(b), Revenue Act 1926 (26 US CA § 1057 note), and section 274(a) of the act (26 USCA § 1048) cause the running of the statute of limitations to be suspended while proceedings are pending before the Board."

The decision in Cement Gun Co. v. Commissioner, 59 App. D. C. 121, 36 F.(2d) 107, is in accord with Davison v. Commissioner, supra, as to law and facts.

The only difference between the two decisions last mentioned and the case at bar is that here new property upon which an additional deficiency has been found was first introduced in the answer of the Commissioner before the Board of Tax Appeals and had never been considered by the Commissioner or included in his deficiency notice. The taxpayers' theory seems to be that a deficiency can only be increased by the Board when . it concludes that the Commissioner adopted a wrong rule of law in dealing with the facts shown by the return, or where the

particular credits or debits upon which the Commissioner had based his determination of the deficiency were· valued improperly. But we see no reason for supposing that section 308(a) is so limited and we hold that it enables the Board of Tax Appeals to make a full audit and do complete justice between the parties whenever the taxpayer seeks to review the assessment and the Commissioner asserts a claim that an additional amount should be assessed. It seems clear from the foregoing that the Board proceeded properly and rightly determined an additional deficiency. It can make no difference that in arriving at this determination it dealt with matters extraneous to the original assessment.

The running of the statute of limitations was suspended while proceedings were pending before the Board of Tax Appeals by section 310 of the Act of 1926 (26 USCA § 1110).

We understand that the appeal from the order denying a motion for a rehearing is no longer pressed. But in any event the disposition of the application for a rehearing was a matter resting in the sound discretion of the Board. Bankers' Pocahontas Coal Co. v. Burnet, 287 U. S. 308, 53 S. Ct. 150, 77 L. Ed. ——.

The orders of the Board of Tax Appeals are affirmed.