## ROUND TABLE CLUB v. FONTENOT et al.
### No. 10989.

Circuit Court of Appeals, Fifth Circuit.
June 10, 1944.

Rehearing Denied July 6, 1944.

John D. Miller, of New Orleans, La., for appellant.

John F. Costelloe and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Henry C. Vosbein, Asst. U. S. Atty., of New Orleans, La., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The Social Security Act and other related statutes levied an excise tax upon corporations with respect to wages paid to employees, but the levy did not include corporations organized and operated exclusively for scientific, literary, or educational purposes, no part of the net earnings of which inured to the benefit of any private shareholder or individual.[1] The Round Table Club, a Louisiana corporation domiciled in New Orleans, paid the tax in the years 1936 to 1941, inclusive. In 1942, it brought this suit to recover from the respective Collectors of Internal Revenue the amounts so paid, asserting that it was a corporation organized and operated exclusively for scientific, literary, and educational purposes, from which no tax was due. The court below resolved this issue against the taxpayer, and it has appealed.

The Round Table Club was incorporated in 1902 for the stated purpose of cultivating fellowship among those having a common interest in literature, science, and art. Continuously since its organization, its principal function has been to provide a weekly lecture throughout the winter months by some person of prominence upon subjects of a scientific, literary, or educational nature for the benefit of its membership and guests. This lecture program was not, however, the exclusive function of the club. Its facilities were available to its membership each day and night throughout the year. During the period that the taxes here involved were paid, the club maintained a billiard room with two pool tables, a writing room, bridge tables, and a library containing current newspapers and magazines as well as reference works. Some members were furnished living quarters and meals in the club, and servants were employed in constant attendance. The social and recreational facilities of the club were not greatly used, but were always available. It was also customary for the club to entertain its members at a social affair once each year.

These undisputed facts compel the conclusion reached by the court below. The social and recreational aspects of the club, though subordinated in theory and practice to its predominant purpose and function, were of too substantial a character to enable the court to hold that appellant was organized and operated exclusively for scientific, literary, or educational purposes.[2] Accordingly, the judgment appealed from is

Affirmed.

### On Petition for a Rehearing.

The district court found that appellant was not organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, but was organized, according to its charter, "for the cultivation of fellowship among those having a common interest in literature, science, and art." In its original opinion this court laid emphasis upon the manner in which the club was operated. So far as this record presented a question of fact as to which reasonable men might differ, the court below found against appellant; and we were unable to say that it clearly erred in so holding.

To avail itself of the statutory exemption, the taxpayer was required to show not only that it was operated exclusively for one of the designated purposes, but also that it was organized for such purpose. The statement in the taxpayer's charter must be given controlling effect in ascertaining the purpose for which it was organized. The declaration of purpose for which the taxpayer was organized has not been qualified or contradicted in any way; under it the appellant is outside the scope of the exemption, regardless of the manner in which it was operated.

The purpose of the taxpayer, as shown by the declaration in its charter, was the cultivation of fellowship among those members having a common interest in literature, science, and art. Conceding that the object of the corporation was the cultivation of fellowship among those having a common interest in literature, science, and art, this is insufficient to bring the appellant within the exception granted to those corporations organized exclusively for religious, charitable, scientific, literary, or educational purposes.

The petition for a rehearing is denied.

[1] 42 U.S.C.A. §§ 1004, 1011(b) (8), 49 Stat. 620, 646, 42 U.S.C.A. § 1107; 26 U.S.C.A. Int.Rev.Code, §§ 1410, 1426, 1607.

[2] Cf. Davison v. Commissioner, 2 Cir., 60 F.2d 50; West Side Tennis Club v. Commissioner, 2 Cir., 111 F.2d 6, 130 A.L.R. 103, certiorari denied 311 U.S. 674, 61 S.Ct. 40, 85 L.Ed. 434; Cook v. Commissioner, 30 B. T. A. 292.