Meldrum & Fewsmith, Inc., Petitioners, v. Commissioner of Internal Revenue, Respondent.
Meldrum & Fewsmith, Inc. v. Commissioner of Internal Revenue
Docket No. 30977.
United States Tax Court
1954 Tax Ct. Memo LEXIS 235; 13 T.C.M. (CCH) 992; April 19, 1954
*235 H. M. Roberts, Esq., Nat. City Bank Bldg., Cleveland, Ohio, for the petitioner. Robert C. Whitley, Esq., for the respondent. Memorandum in Support of Respondent's Motion for Leave to File Amendment to Answer Embodying Amendment to Answer, and in Support of Respondent's Computation for Entry of Decision Under Rule 50 In his notice of deficiency from which this appeal was taken, respondent determined deficiencies in income tax, declared value excess profits tax, and excess profits tax for each of the taxable years, 1944, 1945, and 1946, and a deficiency in excess profits tax for the taxable year 1943. All of the adjustments giving rise to the deficiencies determined in the notice of deficiency were put in issue in the petition, and were of such a nature as to affect income tax net income and excess profits net income identically in each of the taxable years. Nevertheless, the computation giving effect to the income adjustments compelled by the Court's opinion resolving issues herein produce an income tax deficiency for the taxable year 1944 in the revised amount of $3,413.97 in lieu of the amount of $713.75 originally determined in the notice of deficiency. The occasion *236 for the increased deficiency is the elimination of adjusted excess profits net income for the year 1944 by reason of the application of an unused excess profits credit carry-over in the amount of $6,392.57 and an unused excess profits credit carryback of $6,477.61 - which unused credits were made available by the reason of adjustments called for by the Court's opinion in respect of other years also before the Court, namely 1943, 1945 and 1946. In order that the Rule 50 decision of this Court might fully and correctly comprehend all of the adjustments called for by its opinion herein, respondent respectfully asks for leave to file an amendment to his answer to claim the increased income tax deficiency which directly and automatically follows from the Court's opinion. It is respectfully submitted that the motion is timely and proper within the purview of Rule 50 of this Court's Rules of Practice as well as of Section 272(e) of the Internal Revenue Code, which provides that the Court shall have jurisdiction to redetermine a greater deficiency than the amount in the notice of deficiency "if claim therefor is asserted by the Commissioner at or before the hearing *237 or a rehearing." (Italics added.) That the "hearing" as used in Section 272(c) continued through a hearing under Rule 50 of the Court's Rules of Practice for such a claim if a new issue is not raised is well established by the authority of decided cases - not only of this Court but also of various Courts of Appeals: Catherine G. Armston, et al. (1949) 12 T.C. 538 [539], Catherine G. Armston (October 31, 1949) Memo. Order and Decision Docket 14186 [8 TCM 1118,], aff'd sub nom. W. H. Armston Co. v. Commissioner (C.A. 5th, 1951) 188 Fed. (2d) 531, 40 A.F.T.R. 460; Commissioner v. Ray (C.C.A. 7th, 1937) 88 Fed. (2d) 891, 19 A.F.T.R. 209, cert. den. (1937) 301 U.S. 711; Helvering v. Edison Securities Corporation (C.C.A. 4th, 1935) 78 Fed. (2d) 85, 16 A.F.T.R. 307; Charles Goodman, et al. (September 12, 1950) Memo. Op. Dockets 14238, 14239, 14240, 18173, 18174, 18175, 20467 [9 TCM 789,]; * cf: Commissioner v. West Production Co. (C.C.A. 5th. 1941) 121 Fed. (2d) 9, 27 A.F.T.R. 618, cert. den. (1941) 314 U.S. 682; cf: Commissioner v. Erie Forge Co. (C.C.A. 3rd, *238 1948) 167 Fed. (2d) 71, 36 A.F.T.R. 896; cf: Olds & Whipple v. United States (Ct. Cls., 1938) 22 Fed. Supp. 809, 20 A.F.T.R. 1224. In the Armston case, supra, the Commissioner filed a motion for leave to file an amended answer to have the pleadings conform to the proof to give effect to the increased deficiency claimed in his proposed recomputation under Rule 50 filed concurrently therewith. The increase resulted from the inclusion in the taxpayer's income of an amount which had been allowed to a related taxpayer (in a consolidated case) as a depreciation deduction, and which amount the Court, in its opinion, regarded as income to the taxpayer. The motion was opposed on the grounds that it raised a new issue and that it was untimely because made subsequent to the promulgation of the Court's opinion. The Court in its Memorandum Order and Decision stated that the motion was timely under Rule 50 of the Court and Section 272(e) of the Code "unless it in fact raises a new issue" (italics added), citing Commissioner v. Ray supra; *239 Olds & Whipple v. United States, supra; Commissioner v. West Production Co., supra, and concluded that no new issue was raised beyond that put in issue by the original pleadings. It is even more apparent in the present case that no new issue would be raised by the amendment to the answer, inasmuch as the increased deficiency is the automatic computation result of the Court's opinion relative to the issues raised by the petition. Not to allow the motion and the claimed increase would but distort the tax result of the Court's opinion on the issues before it. In the course of its opinion affirming the Tax Court, the Court of Appeals in W. H. Armston Co. v. Commissioner, supra, stated (at page 534) as follows: "The Tax Court correctly allowed the amendment asserting the increased tax deficiency resulting from the disallowance of the depreciation deductions claimed. The issue raised was not new, but was within the scope of the pleadings. We conclude it was timely filed. Cf. Commissioner of Internal Revenue v. Ray, 7 Cir., 88 Fed. (2d) 891; Commissioner of Internal Revenue v. Erie Forge Co., 3 Cir., 167 Fed. (2d) 71, 76-77; Title *240 26 U.S.C.A.§ 272(e)." The case of Commissioner v. Ray, supra, is also pertinent to the motion here involved. After the Board had made its findings, respondent by a petition for rehearing sought to claim an increased deficiency resulting from the Court's finding that a $25,000 item was income in the year 1928 instead of in the year 1926 as originally asserted by respondent. The Court of Appeals held that the claim was timely and did not raise a new issue, and that the Board should have granted the claim under its Rules and under Section 272(e) of the Code. In its opinion the Court stated (at page 893) as follows: "* * * Until liability is determined neither taxpayer nor Commissioner is in a position to make a computation. The hearing is not completed until these computations are made and approved by the Board. In the instant case the item of the $25,000 note was one of the bases of the Commissioner's claim. Its inclusion in income was disputed on the ground that it was a gift, but the assertion of a claim by the Commissioner based on this precise $25,000 item was before the Board. After the Board's decision its inclusion in the 1928 income was *241 a matter of computation under the Rules. It was not a new claim although allowed by the Board as part of the income of a year other than that claimed by the Commissioner." (Italics added) In the case of Helvering v. Edison Securities Corporation, supra, the Court construed the word "hearing" as used in the statutory equivalent of Section 272(e) of the Code as being "broad enough to include the whole proceeding down to the final decision" - provided the taxpayer is not taken by surprise but is given an opportunity to resist the claim before it is made effective by action of the Court. The Court of Appeals pointed out that "if the question involved in the increase has actually been raised during the trial, and the taxpayer has presented his evidence and his views on the point" - as was true in the present proceeding with respect to the issues giving rise to the increase - "the claim may be received at any time before the decision and allowed therein, if found to be correct; * * *" (italics added). Recognition was given to the principle that a hearing under Rule 50 was not to be regarded as an opportunity to present new issues, citing for comparison Davison v. Commissioner (C.C.A. 2nd, 1932) 60 Fed. (2d) 50, 11 A.F.T.R. 690. *242 It was held in Charles Goodman et al., supra, a partnership group of related cases, that a deficiency could be increased under Section 272(e) of the Code and be given effect under Rule 50 where such increase was dependent upon the conclusion of the Court as to whether the taxpayer was liable for the tax upon the income allocated to his daughter. It may be noted that this was true notwithstanding respondent's motion to amend the pleadings to conform to the proof was previously denied. The taxpayer claimed in Commissioner v. West Production Co., supra, that since the Commissioner in his determination allowed recovery of the entire cost of certain equipment, and made no issue of it in the pleadings before the Board (but only in his recomputation under Rule 50), the decision of the Board should be reversed on this point, with directions to allow the entire costs. The parties were in agreement that the amount allowed in a companion case was the proper costs. The Court of Appeals held that the Board's disallowance of the costs was improper and held that the costs found in the companion case should be allowed. After recognizing the established principle that a new issue cannot be raised *243 for the first time on Rule 50, the Court in its opinion made the following statement (at page 11) which is singularly appropriate to the present case: "* * * The practice of the Board is to permit a hearing under Rule 50 for purposes of preparing the computation in accordance with issues raised, presented, and determined at the hearing on the merits, and this method should be followed in this case. We cannot agree with the taxpayer that, because the issue was not made before the hearing under Rule 50, it must be regarded as waived, * * *" (Italics added) The case of Commissioner v. Erie Forge Co., supra, held that the Tax Court properly denied respondent's motion to amend his answer to assert penalties claimed for the first time after petitioner's brief was filed. The basis for the decision is that the amendment offered asserted a new issue in the nature of an affirmative claim upon which respondent would have the burden of proof, a situation to be contrasted with that of the present case where the increase is a mere matter of computing the tax result of the conclusions of the Court relative to the issues before it from the very institution of the proceeding. The *244 Court of Claims in Olds & Whipple v. United States, supra, held that no specific claim by the Commissioner is required by the statutes in order to give the Board authority to enter a decision for the correct deficiency, where "a taxpayer before the Board raises certain specific issues with reference to the year or years involved and a decision of those issues in favor of the taxpayer produces a larger deficiency for such year or years than that set forth in the deficiency notices." The Court stated that the purpose of Section 272(e) was to protect the taxpayer against increased deficiencies being asserted by reason of a decision upon issues upon which the taxpayer has not been afforded an opportunity to be heard, adding (at page 818) as follows: "* * * It would be a strained construction of the section to hold that it was intended to protect the taxpayer against his own deliberate acts or the natural and necessary consequences of a correct decision of the issues raised by him." It is clear from the foregoing authorities that respondent's motion for leave to file an amendment to his answer claiming the increased deficiency should be granted and the Rule 50 decision *245 of this Court should give effect to such increase. This conclusion is inescapable if the salient circumstances of the present case are borne in mind. The claim raises no new issue; rather, it is simply an automatic computation result of the Court's conclusions relative to the issues raised by petitioner. The issues so raised, furthermore, were decided for the most part in the favor of the petitioner. When the Court's conclusions are reduced to a recomputation under Rule 50, all of the excess profits tax deficiencies are completely eliminated - that is, after effect is given in the year 1944 to unused excess profits credits made available by the Court's conclusions respecting other years before the Court. (But for the application of the unused credits, there would be an excess profits tax deficiency in the year 1944 of approximately $6,000.00 and an income tax deficiency in the amount determined in the notice of deficiency). The identical computation adjustment which eliminates the excess profits tax deficiency for 1944 of necessity produces the increased income tax deficiency for said year: to distort is the only alternative. Respondent's submitted Rule 50 computation consistently *246 reflects the effect of the applied unused credits upon both the excess profits tax and the income tax. Petitioner, with alacrity, agrees with the one; inconsistently and inequitably it insists that no effect should be given the other in the Court's decision. Motion for Leave to File Amendment to Answer Embodying Amendment to Answer COMES NOW, the Commissioner of Internal Revenue, by his attorney, DANIEL A. TAYLOR, Chief Counsel, Internal Revenue Service, and respectfully. MOVES the Court for leave to amend his answer heretofore filed in this proceeding by amending the prayer thereto to read as follows: WHEREFORE, it is prayed that the appeal be denied; that the Court redetermine the deficiencies in excess profits tax for the taxable year 1943, in income, declared value excess profits, and excess profits taxes for the taxable years 1945 and 1946, to be in the amounts determined by the Commissioner in the notice of deficiency; and that the Court redetermine the deficiencies in income tax, declared value excess profits tax, and the excess profits tax for the taxable year 1944 to be in the respective amounts determined by the Commissioner, viz: $713.75, $869.13, and $124,005.46, *247 per the notice of deficiency, plus an increase in income tax deficiency for said year in the amount of $2,700.22, claim for which is made under the provisions of Section 272(e) of the Internal Revenue Code, resulting in a total income tax deficiency for the taxable year 1944 in the amount of $3,413.97. As grounds for this motion, counsel states: 1. The notice of deficiency herein asserted deficiencies in income tax, declared value excess profits tax and excess profits tax for the taxable year 1944 in the respective amounts of $713.75, $869.13, and $124,005.46. 2. The Rule 50 Computation to be filed herein in accordance with the Court's Opinion includes adjustments which have the effect of increasing the deficiency in income tax for the taxable year 1944. 3. As reflected in exhibit B of the Statement attached to the Respondent's Computation for Entry of Decision herein, the deficiency in income tax for the taxable year 1944, computed without regard to a carry-over and a carry-back of unused excess profits credits, in the amount of $713.75, the same as that reflected in the notice of deficiency. Without regard to said unused credits, there would result *248 a deficiency in excess profits tax for said year in the amount of $5,999.99. 4. Because of adjustments to excess profits net income called for by the Court's opinion herein in respect of the taxable years 1943, 1945, 1946, there are available in computing the adjusted excess profits net income for the taxable year 1944 an unused excess profits tax credit carry-over of $6,392.57 and an unused excess profits carryback of $6,447.61 as shown in Exhibit A of the Statement attached to Respondent's Computation for Entry of Decision. By virtue of application of the aforesaid carryover and carry-back of unused excess profits credits, the adjusted excess profits net income as a credit against income tax net income for the taxable year 1944 was reduced to zero, resulting in a deficiency in income tax for said taxable years in the amount of $3,413.97, or an increase in income tax deficiency in the amount of $2,700.22 over that reflected in the notice of deficiency. 5. The claim of the respondent for said increase which is made pursuant to the provisions of Section 272(e) of the Internal Revenue Code does not raise any new issues for the Court's determination, but rather *249 in conformity with, and is called for by, the computations under Rule 50 in accordance with the Court's opinion determining the issues in this proceeding. WHEREFORE, it is prayed that this motion be granted. Footnotes
*. Point for which case cited not appealed in Goodman v. Commissioner (C.A. (2d), 1953) 200 Fed. (2d) 681↩, which affirmed Tax Court.