*Decision will be entered under Rule 50.*

Louis M. Weiller, Irwin R. Heilbroner, Herbert H. Maass and Helen W. Heilbroner, as Executors and Trustees under the Last Will and Testament of Louis Heilbroner, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 19695. Promulgated February 13, 1930.

*Wilbur C. Davidson, Esq.*, for the petitioners.
*L. S. Pendleton, Esq.*, for the respondent.

1122

ARUNDELL: Petitioners' arguments against the application of the taxing statute so as to include in decedent's estate the proceeds of insurance policies taken out prior to the enactment of the law are disposed of by the principles laid down in *Chase National Bank* v. *United States*, 278 U. S. 327, and *Reinicke* v. *Northern Trust Co.*, 278 U. S. 339. The former case holds that the proceeds of insurance poli-

cies on decedent's life taken out while the Revenue Act of 1921 was in effect should be included in the gross estate, and the principles established in that case are applied in the *Northern Trust Co.* case to revocable trusts created before the enactment of the statute, because " a transfer made subject to a power of revocation in the transferor, terminable at his death, is not complete until his death " and hence the taxing act " is not retroactive since his death follows the passage of the statute."

Petitioners' counsel in his brief concedes that under the *Chase National Bank* case the proceeds of all policies taken out after the enactment of the Revenue Act of 1918 are to be included in the gross estate. This concession he says covers all, save one, of the policies which gave rise to the deficiency asserted by respondent in his notice of deficiency. That one policy, he says, was taken out before the passage of the 1918 Act. As to this claim there is no evidence. The only evidence in the proceeding consists of copies of the three Northwestern Mutual Life Insurance Co. policies, which the parties stipulated are true copies and may be deemed in evidence, and which we have heretofore considered.

Petitioners further contend that the respondent, by failing to include the proceeds of the three Northwestern Mutual policies in decedent's estate at the time of determining the deficiency, waived the right to include such proceeds subsequently. Section 308 (e) of the Revenue Act of 1926 specifically gives this Board jurisdiction to redetermine a deficiency in tax greater than that determined by the respondent if claim for such greater amount " is asserted by the Commissioner at or before the hearing." This provision would have no meaning if the petitioners' contention were to prevail, and we are very clearly of the opinion that the respondent did not waive his right to secure an increase in the deficiency.

It is also contended that the respondent is barred from increasing the deficiency because he did not do so within three years from the filing of the estate-tax return. A sufficient answer to this is that there is no evidence as to when the return was filed.

*Decision will be entered for the respondent under Rule 50.*