EDWIN S. RAUH, EXECUTOR, ESTATE OF A. L. RAUH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18459.   Promulgated May 19, 1930.

*Joseph S. Rosenbaum, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

994

MURDOCK: The issue before the Board is whether the proceeds, in excess of the $40,000 exemption, of certain life insurance policies paid to the named beneficiaries, were properly included in the gross estate of the decedent under the Revenue Act of 1921, the effective statute at the date of the decedent's death. The beneficiaries of these policies had been named subject to the power of revocation retained by the insured. The pertinent provision of the 1921 Act reads:

SEC. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(f) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

The petitioner, basing his argument on the construction of the above section of the statute, contends that as fourteen of the policies were taken out prior to the Revenue Act of 1918, in which the above section (in identical language) appeared for the first time, the proceeds of these policies should not be included in the gross estate of the decedent, and the proceeds of the other two policies, taken out after the effective date of the 1918 Act, come within the $40,000 exemption after the exclusion of the proceeds of the first fourteen policies. He cites *Lewellyn* v. *Frick*, 268 U. S. 238; *Charles L. Harris, Administrator*, 5 B. T. A. 41; *Mercantile Trust Co., Executor*, 13 B. T. A. 85; *Gould* v. *Gould*, 245 U. S. 151; *Shwab* v. *Doyle*, 258 U. S. 529; *United States* v. *Merriam*, 263 U. S. 179.

The respondent contends that if the decedent at the time of his death held any of the incidents of ownership in the policies, then the proceeds in excess of $40,000 were properly included in the gross estate, and it makes no difference when these policies were taken out. He cites *Chase National Bank* v. *United States*, 278 U. S. 327, as decisive of the issue.

The opinion of the Supreme Court in *Lewellyn* v. *Frick, supra*, and the opinion of the District Court (298 Fed. 803) which was affirmed, reveal a pertinent fact, namely, that Frick, the insured, had irrevocably named the beneficiaries or assignees of the policies there involved. This fact distinguishes the case from the case of *Chase National Bank* v. *United States, supra*, in which the insured retained the right to change the beneficiaries right up to the time of his death. In *Charles L. Harris, Administrator, supra; Martha B. Phelps, Executrix*, 6 B. T. A. 648; and *Mercantile Trust Co., Executor, supra*, the Board followed the *Frick* case. But in those cases the findings of fact do not show that the insured reserved the right to change the

beneficiaries. The present case, where the decedent reserved the right to change the beneficiaries up until the time of his death, is controlled by the *Chase National Bank* case. See also *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Louis M. Weiller et al.*, 18 B. T. A. 1121; *Gaither* v. *Miles*, 268 Fed. 692; *John L. Mimnaugh, Jr., Executor*, 66 Ct. Cls. 441; *Means* v. *United States*, decided Court of Claims, April 7, 1930.

> *Judgment will be entered for the respondent under Rule 50.*