LESTER L. ROBISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELMER D. BRYSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22184 and 22255.   Promulgated February 26, 1931

*John F. Watson, Esq.,* and *Hebert C. Bryson, Esq.,* for the petitioners.

*J. E. McFarland, Esq.,* for the respondent.

OPINION.

BLACK: Each of the petitioners based his appeal on the following assignments of error:

That the Commissioner of Internal Revenue in arriving at the amount of the invested capital of the Bryson-Robison Corporation erroneously reduced the said invested capital by the sum of $45,000.00.

That the Commissioner in arriving at the net income of the Bryson-Robison Corporation in error disallowed the salaries of the corporation officers for the years 1917 and 1919. That said lawful and proper deduction for salaries during 1917 was the sum of $10,000, (the same as allowed in 1918), and for 1919 was at the rate of $10,000 per year up until June 4, 1919 when the company ceased to operate as a going concern. Disallowing said salaries was in error.

The Commissioner erred in determining petitioner to be a transferee of one-half the assets of the corporation of Bryson-Robison Corporation on dissolution thereof.

That all of said proposed assessment against the petitioner is barred by operation of the Statute of Limitations.

In addition to the foregoing assignments of error, each of the petitioners complains of the action of the Board in allowing respondent at the hearing to amend his answer and assert a liability against each petitioner for all of the deficiency determined against the transferor corporation, instead of the assertion of a liability for one-half of the deficiency against each petitioner contained in the sixty-day letter mailed to each of said petitioners November 3, 1926. We think the allowance of the amendment was proper. Section 308 (e) of the Revenue Act of 1926. *Louis M. Weiller*, 18 B. T. A. 1121.

. Petitioners' assignment of error that respondent erred in failing to include as invested capital of the taxpayer for the taxable years certain real estate belonging to it, which it had purchased with funds belonging to the corporation, is sustained to the extent of the costs of such lands, proved at the hearing. Respondent, by amended answer filed at the hearing, confessed error in failing to allow the costs of such lands as a part of the corporation's invested capital, but contested the amount of costs claimed. Petitioners claim the value of the land at $45,000 or over, and ask that the invested capital of the corporation be increased by that amount. Petitioners proved that $40,000 was paid for 10,360 acres of land used in the corporation's business. It was also proved that the corporation purchased

other small tracts of land, but no evidence was offered as to the cost thereof. We can not allow as a part of the corporation's invested capital, assets, the cost of which is not proved. In view of the admissions by respondent in his amended answer, invested capital should be increased by $40,000 over that which respondent allowed in his deficiency letters. Any increment in value over cost may not be included in invested capital. *La Belle Iron Works*, 256 U. S. 377.

Relative to the claim for salaries for 1917 and from January 1, 1919, to June 4, 1919, we think the evidence is sufficient to show that the amounts set out in our findings of fact would represent a reasonable allowance to the corporation for salaries incurred for personal services actually rendered to it during the period of time therein mentioned by Robison, president, and Bryson, secretary-treasurer. The respondent will make this allowance in recomputing the deficiency.

As to whether petitioners are liable as transferees, we think the facts show that Robison is not liable as a transferee, but that Bryson is so liable, under the applicable statutes and the decisions of this Board. The attorney who represented the corporation in its various legal matters testified that Robison sold his stock to Bryson and that such stock was actually transferred to Bryson. This statement of the transaction seems to be well supported by the other evidence in the proceeding. There is nothing to show that prior to his sale of stock to Bryson, Robison received one-half of the assets of the corporation in liquidation and then sold these assets to Bryson. On the contrary, the facts show that Robison sold his stock and interest in the corporation to Bryson for $70,000; whereupon Bryson took over all the assets of the corporation and assumed all of its liabilities and from that time on operated the business as an individual and not as a corporation. We hold that Robison is not a transferee of the corporation. The mere sale of stock by a stockholder in a corporation does not make him a transferee of the assets of the corporation. But the action of Bryson taking over all the assets of the corporation and assuming all of its liabilities, makes him a transferee of the assets of such corporation and liable as such. *J. W. Oglesby, Jr.*, 16 B. T. A. 1191; *Frank Shlaudeman*, 21 B. T. A. 605; *John Gerosa et al.*, 21 B. T. A. 1234.

Limitation is pleaded as to the deficiencies determined against the transferor corporation for each of the taxable years and the validity of the waivers is vigorously attacked in briefs of counsel. The burden of proof is upon the petitioners to establish the plea of the statute of limitations and this requires first proof of date of the filing of the statutory returns and second, the expiration of the statutory period. There is no evidence of the date of the filing of the

statutory returns of the corporation for either 1917 or 1918 and for that reason the plea of limitation must fail for those years. *Edward M. Lawrence*, 3 B. T. A. 40; *E. J. Lorie*, 21 B. T. A. 612. Petitioners in their briefs refer to the assessment lists introduced in evidence by the respondent, showing that the deficiencies determined against the transferor corporation for each of the taxable years were duly assessed, but these assessment lists do not in any way show when the corporation's tax returns for 1917 and 1918 were filed. We are without any evidence on this point.

Under these circumstances it is immaterial whether the two waivers are valid or not. Even if we should hold them to be invalid, we have no evidence before us which would support petitioners' plea of limitation.

Relative to the taxable year 1919, that return was introduced in evidence and shows that it was filed March 15, 1920, and the assessment against the taxpayer corporation was made March 14, 1925, which was in time.

Section 280 (b) (2), Revenue Act of 1926, provides: "If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act." See also section 278 (d), Revenue Act of 1926.

The Act of 1926 was effective February 26, 1926, and one year thereafter was February 26, 1927. The deficiency letters in this case, asserting liabilities against the respective petitioners, were mailed November 3, 1926, and were in time.

Counsel for petitioner Bryson urges in his brief an alleged settlement in behalf of his client. Failure to recognize such a settlement was not alleged as an error in the petition and the rule is that an issue argued in brief of counsel, but not raised in the pleadings will be disregarded. There is no evidence in the record of any settlement either under section 3229, Revised Statutes, or section 606, Revenue Act of 1928. The document urged by petitioner Bryson as supporting his contention that a settlement was made, is simply a report of a revenue agent recommending a refund of $7.45 for 1920 and no change for 1919. This is no closing agreement as contemplated under the applicable revenue acts. *Oilbelt Motor Co.*, 16 B. T. A. 831.

> *As to petitioner Lester L. Robison, decision will be entered that there is no liability as transferee. As to petitioner Elmer D. Bryson, decision will be entered under Rule 50.*