CLARK McK. WHITTEMORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77308. Promulgated March 30, 1937.

*Sigurd A. Emerson, Esq.*, for the petitioner.
*S. L. Young, Esq.*, for the respondent.

758

760

OPINION.

HARRON: In the pleadings petitioner contends that the deficiency assessed by the respondent is barred by the statute of limitations. This contention appears to have been abandoned, but in any case it must fail in the absence of evidence showing the date on which the petitioner's return was filed. *Fremont Canning Co.*, 17 B. T. A. 484; *Mary G. Iba*, 20 B. T. A. 222.

The remaining issue is whether petitioner's share of income paid by the city of Linden during the taxable year is exempt from Federal taxation under the constitutional immunity of income of officers of a political subdivision of a state. Petitioner contends that he was an officer of the city of Linden. Respondent denies this and contends that petitioner was an independent contractor. No question is raised regarding the nature of petitioner's work for the city since respondent concedes that it was in the exercise of a governmental function.

The essential characteristics of a public office have been set forth in *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514: "An office is a public

station conferred by appointment of the Government. The term embraces the idea of tenure, duration, emoluments and duties fixed by law. Where an office is created the law usually fixes its incidents including its term, its duties and its compensation. The term officer is one inseparably connected with an office."

Applying this test to this proceeding it is noted that the New Jersey statute governing the municipality of the city of Linden provides for the appointive office of a city solicitor, sets forth the term of office as three years, requires an oath; prescribes general powers and duties and authorizes the city council to enact ordinances prescribing duties not otherwise defined by law and fixing reasonable compensation. The city solicitor, as an officer, can not be removed from office except by prescribed procedure. The appointing of a city solicitor is a permissive provision. (See Compiled Statutes of New Jersey, vol. 1, secs. 10, 11, p. 1299; sec. 18, p. 1304; sec. 33, p. 1308.) The statute refers to the office of a city solicitor in the singular number.

The exemption from Federal taxation petitioner claims is not founded upon any statutory provision of the revenue acts such as was provided in the Revenue Act of 1926, section 1211, but he seeks to obtain the exemption by reason of the implied constitutional inhibition against taxation by the Federal Government of sovereign instrumentalities and functions of state governments and political subdivisions thereof. This implied constitutional inhibition is a general one arising out of the nature of our dual system of government. In such proceedings as this one the question is less general and is directed to consideration of whether the imposition of a Federal income tax on compensation paid to an individual rendering services to a political subdivision of a state, under such circumstances as the facts here show, would interfere with the functioning of the local government because such tax would impair in any substantial manner the ability of the petitioner to discharge his obligation or the ability of the local government to procure the services of individuals to aid it in its undertaking. The principle of immunity has inherent limitations. Each case must be decided upon its facts and by consideration of the real relationship of the claimant to the governmental instrumentality involved. See *Metcalf & Eddy* v. *Mitchell*, *supra;* *Helvering* v. *Powers*, 293 U. S. 214.

This question has come before this Board in a great many petitions. A review of these shows that many small political subdivisions of state governments obtain legal counsel by retaining attorneys on the basis of a nominal retainer for attending meetings and giving general advice plus the payment of fees fixed by the attorney for such specific services as are required of him. This arrangement may or may not

require a major part of the attorney's time. It is to be compared with another method of appointing an individual to an office having prescribed official duties at a fixed annual salary and either permitting or not such individual to engage in any private activities. It has been stated in the two leading decisions on this subject, referred to above, that the term "public office" implies a definite assignment of public activity, fixed by appointment, with tenure, duties, and compensation fixed by law and that to determine whether a person is an officer is not to be done by "mere terminology." The taking of an oath is a fact to show that an officer in fact has complied with a statutory requirement but it is not always proof that a person is an officer.

The city of Linden designated two members of a law partnership to handle all its legal business for three years and renewed the arrangement for another three years. It designated these individuals "city solicitors." It also set forth the nature of the work that would be referred to the city solicitors. However, the arrangement was exactly the same as followed when a client retains an attorney, or firm of attorneys, for the attorneys were entirely free to and did engage concurrently in a private law practice. Their partnership of four attorneys conducted a practice that yielded in the year 1930 a gross income of $104,000. This firm had clients who were municipalities from which it received gross receipts of $44,923. The petitioner and his partner were retained (and it is noted that the ordinances filed use the words "annual retainer") for $1,200 per year, plus additional compensation "of whatever cost" for drawing up ordinances and contracts and conducting litigation and for all other services required by the city. The work was done in the offices of the law firm and the city did not provide offices or pay for the clerical assistance or other costs. This arrangement creates the relationship of attorney and client. It is not unlike that used by a private corporation which retains attorneys, or a firm of attorneys, to look after all its legal business, attend meetings of its board of directors, or officers, and conduct its litigation. It is perhaps an incident of the conduct of local government today by small municipalities that this arrangement is resorted to rather generally. It provides an economic means of obtaining competent legal services where the legal business of a small local government is not great in volume. It provides competent attorneys with the most acceptable type of clients and the general practice of this petitioner's firm bears this out. Rather than impair the functioning of local government such arrangement appears to be advantageous to both the municipality and the lawyer.

It is doubtful to us whether the city of Linden in fact filled the appointive office of city solicitor. The petitioner and his partner

were designated to jointly fill that office. The retainer and fees appear to have been paid to them jointly. Checks were made payable to either the two attorneys, individually, or to the partnership. The petitioner and his partner were designated city solicitors "to hold their office" for a term of three years. The applicable statute does not refer to more than one office of city solicitor. The arrangement followed by the city of Linden, if it were construed as a way of filling an office, could be extended to swearing in all the members of a law firm as city solicitor so that many would jointly hold office. This is perhaps the extreme possibility but makes the point that usually an office is held by only one person.

Petitioner relies almost wholly upon the decision of *Halsey* v. *Helvering*, 75 Fed. (2d) 234. The opinion in that case states as follows: "The question presented is whether as such officer (of Maplewood, N. J., a township) his income from the office is subject to Federal income tax." The conclusion arrived at was that such income was immune from taxation because the work of petitioner was in the exercise of a governmental function, and the case of *Halsey* is distinguished from *Helvering* v. *Powers, supra,* which was said to control in principle. Upon facts before it, not set forth in the opinion, the Court of Appeals for the District of Columbia held that Halsey was an officer. In this proceeding the issue squarely is to determine whether this petitioner is an officer. In our opinion, the *Halsey* decision does not help this petitioner to establish his claim.

It appears that petitioner also bases his claim for exemption on the contention that the work performed was in the exercise of a governmental function although it is not clear whether this argument is in the alternative of the contention that he was an officer. However, the claim for exemption can not be sustained unless petitioner is either an officer or employee. No claim has been made that petitioner was an employee. In *Blair* v. *Mathews,* 29 Fed. (2d) 892, an attorney under contract with the governing body of a county was engaged to look after all its legal matters for a period of two years for monthly compensation in connection with routine matters plus extra compensation for special services. There the court held that whether or not he was an employee he acted as an instrumentality through which the county government exercised its governmental powers so that his compensation was exempt. The Supreme Court has overruled a decision of the same court (*Howard* v. *Commissioner,* 29 Fed. (2d) 895) which followed *Blair* v. *Mathews, supra.* See *Lucas* v. *Howard,* 280 U. S. 526, followed in *Lucas* v. *Reed,* 281 U. S. 699. This line of decisions makes it clear that the exemption can not be obtained unless there is a combination of the two factors: One must be an officer or employee engaged in the exercise of essential governmental functions. See *Devlin* v. *Commissioner,* 82 Fed. (2d) 731.

It should be pointed out that this proceeding is distinguishable from the cases of *Jeremiah Wood*, 31 B. T. A. 1141, and *R. Lawrence Coughlin*, 32 B. T. A. 1048, where this Board held the petitioners to be employees of political subdivisions of a state. In each employment in those proceedings the petitioner alone and singly performed the duties of attorney. There was no question of joint holding of a single office or employment although Wood was a member of a law partnership and Coughlin was engaged in a general law practice during the period of employment.

It is held that petitioner was not an officer of the city of Linden but an independent contractor and his share of the compensation paid by that city is not immune from Federal taxation. See *E. A. Simpson*, 28 B. T. A. 556; *F. A. Pease*, 30 B. T. A. 17; affd., 83 Fed. (2d) 122; *Childers* v. *Commissioner*, 80 Fed. (2d) 27; *Register* v. *Commissioner*, 69 Fed. (2d) 607. Cf. *Commissioner* v. *Ten Eyck*, 76 Fed. (2d) 515; and *George H. Harlan*, 30 B. T. A. 804; affd., 80 Fed. (2d) 660.

Reviewed by the Board.

*Judgment will be entered for the respondent.*