## ARDBERN CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.
### No. 4751.

Circuit Court of Appeals, Fourth Circuit.
June 10, 1941.

J. Sterling Halstead, of New York City (Ludlow S. Fowler, of New York City, on the brief), for petitioner.

Samuel H. Levy, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and MOORE, District Judge.

NORTHCOTT, Circuit Judge.

This is a petition for review of a decision of the United States Board of Tax Appeals determining deficiencies in petitioner's income tax liability, and penalties, for the years 1929, 1930, 1931, and 1932, in the total sum of $24,727.34. The decision of the Board is reported in 41 B.T.A. 910.

The petitioner, The Ardbern Company, Limited, was, during the years in question, a corporation organized under the laws of the Colony of Newfoundland. It was formed in the year 1929 as a personal holding company by one B. T. Feustman. Upon its organization Feustman transferred to it certain shares of stock and some money and in return he received all of the petitioner's capital stock, except two qualifying shares issued to his nominees. Petitioner had an office in St. John's Newfoundland, but such limited business transactions as it had were conducted by Feustman, its sole stockholder and president, from his office in New York.

There were a number of complicated transactions in which the petitioner and Feustman were involved, which are set out in detail in the findings of fact and the opinion of the Board. It is not necessary to repeat them here.

In the year 1929, Feustman agreed to sell 586 shares of stock of the Bank of America, held by petitioner, at a certain price. The agreement for the sale and purchase of the stock was entered into and fully agreed upon in the City of New York but an agent was sent from New York to Montreal, with the stock certificates, and the money to pay for the stock was also sent from New York to Montreal. The stock and the money to pay for it were both in New York and both the stock and money, for some reason as to which there is no satisfactory explanation given in the record, were sent to Montreal for the purpose of a perfunctory transfer.

█ Whatever was done in Canada was not a part of the sale itself, but merely a detail of a transaction already completed. Commissioner v. East Coast Oil Co., 5 Cir., 85 F.2d 322, certiorari denied, 299 U. S. 608, 57 S.Ct. 234, 81 L.Ed. 449.

The Board's conclusion that the sale of this bank stock took place in New York and that the petitioner was properly charged with the profits from such sale, in its income tax for the year 1929, is correct.

The petitioner made no return as to its income during the years in question and it was not until a Revenue Agent called on Feustman and informed him that he thought some tax was due that he (Feustman) consulted a lawyer as to the matter. Feustman's explanation for not filing any income tax returns was that he thought no tax was due and that therefore it was not necessary to file any returns.

Upon being advised that it was necessary to file returns they were prepared and petitioner's lawyer attempted to file them with a representative of the Internal Revenue Bureau, named Muller, early in June, 1937. Muller refused to accept the returns on the ground that they had not been properly executed but did not advise petitioner's lawyer that the returns should be filed with the Collector of Internal Revenue at Baltimore, Maryland, as was provided by Sec. 233 of the Revenue Act of 1928, 45 Stat. 791, 26 U.S.C.A. Int.Rev. Code, § 233.

On July 3, 1937, the Commissioner mailed a deficiency notice to the taxpayer, and on July 9, 1937, corporation income tax returns for the taxable years involved were prepared pursuant to Section 3176 of the Revised Statutes, as amended, 26 U.S.C.A. Int.Rev.Code, § 3612, and thereafter, were signed by the Commissioner of Internal Revenue. The taxpayer received no notice that this return had been prepared.

The original petition for review by the Board of Tax Appeals was filed September 29, 1937, and the Commissioner's original answer was filed December 7, 1937. On November 12, 1937, Fowler, representing the taxpayer at a conference with one Marsh, of the Bureau of Internal Revenue in Washington, again tendered the returns verified by Feustman on June 7, 1937, and Marsh received them subject to a settlement being made of the case. The documents were not returned to the taxpayer prior to the Board's hearing in January, 1939.

On October 28, 1938, the taxpayer filed with the Collector of Internal Revenue at Baltimore, Maryland, United States income tax returns for the years 1929, to 1932, inclusive. These returns showed no tax due for any of these years, and were filed after the taxpayer learned that the Commissioner took the position that the prior returns received by Marsh had not been properly filed.

In taxing the income of foreign corporations derived from sources from within this country, Congress has permitted these companies deductions and credits corresponding to those allowed domestic corporations. One additional condition has been imposed. The foreign corpora-

tion may receive the benefit of the deductions and credits "only by filing or causing to be filed with the collector a true and accurate return of its total income received from all sources in the United States, in the manner prescribed" in the act, and there must be included in the return "all the information which the Commissioner may deem necessary for the calculation of such deductions and credits." Revenue Acts of 1928 and 1932, Sec. 233, 26 U.S.C.A. Int.Rev.Code, § 233.

While there is no statutory authority for the making or filing of a return with the Commissioner of Internal Revenue, nor is it his duty or the duty of any employee of the Bureau, other than the Collector designated in the statute, to accept returns, yet fair dealing between the Government and a taxpayer would require the agent to whom the returns were improperly tendered for filing to advise the taxpayer as to the official and place where the returns should be filed. Here the agent Muller rejected the returns on the sole ground that they were improperly executed and did not notify the taxpayer that the returns could in no event be filed with him. Soon after the refusal to accept the returns the deficiency was determined against the taxpayer.

It is conceded that, if the return which taxpayer attempted to file before Muller in June 1937 had been properly filed before the Collector at Baltimore, taxpayer would have been entitled to the deductions claimed, which represented expense incurred in connection with the earning of the income taxed. The deductions are denied merely because they were not claimed in a return properly filed until after the deficiency assessment had been made against taxpayer upon a return filed for him by the Commissioner in which no deductions were allowed. We think, however, that when return was filed by the Commissioner for the taxpayer, he should have given him the benefit of proper deductions for expense of doing business, of which he had been notified by the return which taxpayer had attempted to file with his agent, or, at least, that taxpayer should be allowed such deductions when, upon the assessment of a deficiency against him, he shows that prior to its assessment he attempted in good faith to file a return in which such deductions were claimed. This is nothing but elementary justice, and we find nothing in the statute which for-

bids it. The return made by the Commissioner was clearly not based upon the best available information.

While there is a specific penalty of 25 per centum fixed for failure to file tax returns, Section 291, Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 431, there is no provision that there shall be an added penalty in the form of not allowing the delinquent taxpayer deductions to which it otherwise would be entitled. The Board held in Anglo-American Direct Tea Trading Co. v. Commissioner, 38 B. T. A. 711: "Inasmuch as separate sections deal with 'manner' and 'time', we think it highly improbable that Congress ever intended to include the element of time in the section dealing primarily with the manner of filing. We hold, therefore, that the mere fact the return was not filed within the time prescribed by section 235 [26 U.S.. C.A. Int.Rev.Acts, pages 419, 554] does not, under the circumstances here present, preclude the allowance of the deductions claimed."

The return was filed with the proper Collector in October, 1938, and we are of the opinion, in the light of the action of Agent Muller, and the failure to include the claimed deductions in the return made by the Commissioner, that the fact a deficiency had been determined and the matter was at issue before the Board, would not operate to deprive the petitioner of the allowance of proper deductions.

In Del Mar Addition v. Commissioner, 5 Cir., 113 F.2d 410, 412, it was held that a return filed five days before the hearing before the Board was valid and effective for all purposes. There the court said:

"* * * By the rejection of the delinquent return on the ground that it was filed too late, petitioner was denied the right to make the declaration of value which it was the obvious purpose of the statute to give. The words of the statute require no such harsh and incongruous result."

"Taxing statutes are not to be extended by implication beyond the clear import of the language used; and doubt as to the meaning of their words must be resolved against the Government and in favor of the taxpayer." United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240, 29 A.L.R. 1547.

Respondent relies on Lucas, Commissioner v. Pilliod Lumber Company, 281

U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829, 67 A. L.R. 1350, J. E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. ——, and Buttolph v. Commissioner, 7 Cir., 29 F.2d 695, to sustain the position that the filing of taxpayer's return with the Collector in Baltimore was of no effect, but we do not consider these cases controlling here where the taxpayer had no notice of the preparation of the return for it by the Commissioner and where the return prepared for the taxpayer was the first one prepared and would have been the first one properly filed except for the action of Agent Muller.

It is contended on behalf of the petitioner that the penalty of 25 per centum for failure to file a return within the proper time, as required by Sec. 291 of the Revenue Act of 1928, should not be imposed because the failure to file was due to reasonable cause and was not due to wilful neglect. We are of the opinion that reasonable cause has not been shown for the failure to file, and that the 25 per centum penalty should be imposed on such sum as may be found to be due.

The cause is remanded to the Board of Tax Appeals, with direction to compute petitioner's deficiency, as we have held it should be computed, charging petitioner's income with the profits from the sale of the bank stock, allowing all proper deductions, and fixing a 25 per centum penalty on whatever amount may be found due the Government.

Modified and remanded.