LaVerne S. Stages, et al., [1] v. Commissioner. Stages v. Commissioner
Docket Nos. 65038-65040, 65368.
United States Tax Court
T.C. Memo 1961-267; 1961 Tax Ct. Memo LEXIS 79; 20 T.C.M. (CCH) 1390; T.C.M. (RIA) 61267; September 28, 1961
*79 1. Held, the deficiency for 1949, the year when LaVerne filed no return and no declaration of estimated tax and the additions to tax imposed under sections 291(a) and 294(d)(1)(A), I.R.C. 1939, are sustained; held, further, the addition to tax under section 293(b), I.R.C. 1939, for fraud is not sustained. 2. Held, the returns filed by petitioner's husband, Walter C. Burer, as joint returns of himself and wife LaVerne were not joint returns but were the separate returns of Walter. LaVerne did not sign them, she did not authorize the signing of her name to them, and she did not know anything about their filing. She is not liable for the deficiencies determined by the Commissioner on the basis of such alleged joint returns, nor is she liable for the additions to tax in said deficiency notice. Alma Helfrich, 25 T.C. 404 (1955), followed. 3. Held, the corporate petitioner has failed to prove that assessment of the deficiencies was barred by the statute of limitations in the absence of evidence of the dates of the filing of returns; held, further, the corporate petitioner has failed to prove that respondent erred in determining that certain income was taxable to the corporation rather *80 than to its shareholder-president; held, further, respondent has failed to establish that any part of the deficiencies against the corporate petitioner was due to fraud with intent to evade tax; and held, further, corporate petitioner has failed to prove that the respondent erred in imposition of additions to tax for failure to file timely returns. 4. Held, part of the deficiency for 1948 assessed against the individual petitioner was due to fraud with intent to evade tax. Held, further, individual petitioner has failed to prove that respondent erred in the additions to tax for failure to file timely returns and for failure to file timely declarations of estimated tax and for additions to tax under section 294(d)(2), I.R.C. 1939, for the years 1950 and 1951. **
David G. Copeland, Esq., for LaVerne S. Stages in Docket Nos. 65038, 65039, and for State Realty Corporation in Docket No. 65368. Melvin M. Engel, Esq., for Walter C. Burer in Docket Nos. 65039 and 65040. J. C. Linge, Esq., for the respondent. BLACK Memorandum Findings of Fact *81 and Opinion Respondent has determined deficiencies in income tax and additions to tax under sections 291(a), 293(b), 294(d)(1)(A), and 294(d)(2), Internal Revenue Code of 1939, [2] against the various taxpayers, as follows: Additions to Tax § 294(d)
Year
Deficiency § 291(a) § 293(b)
(1)(A) § 294(d)(2)
LaVerne S. Stages - Docket No. 65038
1949
$ 1,248.43
$ 312.11
$ 624.22
$ 112.39
$ 74.91
Walter C. Burer and LaVerne S. Stages - Docket No. 65039
1948
35,794.62
17,897.31
3,221.50
2,147.68
1950
1,880.12
940.06
112.81
1951
3,923.20
1,961.60
349.13
232.75
1952
6,130.84
1,016.14 *
677.43
Walter C. Burer - Docket No. 65040
1949
1,406.83
351.71
703.42
126.65
84.41
State Realty Corporation - Docket No. 65368
1951
563.56
140.89
281.78
1952
5,075.79
1,268.95
2,537.89
Respondent concedes that additions to tax under section 294(d)(2) were erroneously imposed for the years 1948, 1949, and 1952. ** Petitioner Walter C. Burer and respondent have stipulated the amounts of income which he received during the years in issue. *82 Also, there are other agreements by the parties in the record which will be given effect under Rule 50. The issues presented for our determination are: (1) In Docket No. 65038, whether the deficiency determined against Mrs. Walter C. (LaVerne S.) Burer, now LaVerne S. Stages, for the year 1949 and the additions to tax imposed are correctly imposed against her, she having admittedly filed no return for 1949. (2) In Docket No. 65039, whether the income tax returns filed for the years 1948, 1950, 1951, and 1952 in the names of Walter C. Burer and LaVerne S. Burer, now LaVerne S. Stages, and purportedly signed by Walter C. Burer and LaVerne S. Burer, were the joint income tax returns of Walter C. Burer and LaVerne S. Burer, now LaVerne S. Stages. (3) In Docket No. 65368, whether assessment of the deficiencies against State Realty Corporation is barred by the statute of limitations. (4) Whether certain income from real estate operations is taxable to petitioner State Realty Corporation or to Walter C. Burer and LaVerne S. Stages. (5) Whether *83 any part of the deficiencies against State Realty Corporation is due to fraud with intent to evade payment of taxes. (6) Whether respondent erred in the imposition of addition to tax against State Realty Corporation for failure to file a timely return. (7) In Docket No. 65039, whether any part of the deficiencies assessed against Walter C. Burer was due to fraud with intent to evade tax. (8) Whether respondent erred in the imposition of additions to tax against Walter C. Burer for failure to file declarations of estimated tax and for failure to file timely returns. (9) In Docket No. 65040, whether the deficiency determined against Walter C. Burer for the year 1949 and the additions to tax imposed are correctly imposed against him, he having admittedly filed no return for the taxable year 1949. Findings of Fact Stipulations of facts filed by the parties are incorporated herein by this reference. For convenience, facts most applicable to the proceeding of each taxpayer are set forth under the appropriate headings. LaVerne S. Stages (Docket Nos. 65038 and 65039) LaVerne married Walter in 1945. They were frequently separated and were ultimately divorced in 1957. They were subsequently *84 remarried and divorced in 1960. The petition in Docket No. 65038 (involving the individual liability of LaVerne for the year 1949) was signed by LaVerne, but the verrification thereof was signed with LaVerne's name written by Walter. The petition contesting the deficiencies and verification thereof in Docket No. 65039 (involving the joint liability of LaVerne and Walter for the years 1948, 1950, 1951, and 1952) were signed by both LaVerne and Walter. For each of the years 1948, 1950, 1951, and 1952 there was filed with the district director of internal revenue, or his predecessor in office, at Austin, Texas, U.S. individual income tax returns, Forms 1040, which show at the top of page one of each of such returns, the names of the petitioners, Walter C. Burer and either LaVerne S. Burer or Mrs. Walter C. Burer. The signatures on the returns purportedly being those of LaVerne S. Burer or Mrs. Walter C. Burer are not her signatures. She did not sign the returns, nor did she authorize anyone else to sign them for her. LaVerne's name was signed either by Walter or by his secretary at his request. He did not discuss the filing of the joint returns with LaVerne in any way. The socalled joint *85 returns filed by Walter in 1948, 1950, 1951, and 1952 were not joint returns but were the separate returns of Walter. LaVerne concedes that she filed no income tax return for the year 1949. It has been stipulated that for the taxable year 1949 Walter realized adjusted gross income in the amount of $7,507.25. In his deficiency notice mailed to "Mrs. Walter C. (LaVerne S.) Burer" on August 31, 1956, the Commissioner determined a deficiency of $1,248.43 plus additions to tax as stated in our preliminary statement. This deficiency was based upon a detailed finding that Walter had unreported community income for 1949 of $15,942.67. From this finding a standard deduction of $1,000 was allowed, leaving net community income as adjusted of $14,942.67, and the Commissioner determined that one-half of this amount was the community income of LaVerne, amounting to $7,471.33. It has not been shown as petitioner contends that when Walter and LaVerne separated in 1947 there was an agreement that the "community of property" between them should be the separate property of each. We are unable to make a finding of fact on the evidence which is in the record that there was any such agreement prior to or *86 during the taxable years 1948, 1949, 1950, 1951, and 1952. No part of the deficiency for 1949 was due to fraud with intent to evade tax. LaVerne has not shown reasonable cause as to filing no return for 1949 and she has not shown reasonable cause for not filing an estimate of her taxable income for 1949. State Realty Corporation (Docket No. 65368) State Realty Corporation, hereinafter referred to as Realty, was incorporated under the laws of the State of Texas on March 8, 1951. At or about that time Realty obtained a license to engage in the real estate business. Realty filed income tax returns for the years in issue with the district director of internal revenue, Austin, Texas. No taxable income was shown on these returns. The total authorized stock of Realty was issued on March 10, 1951, as follows: No. of
Name of Stockholder
Shares
J. W. Burer
1
Walter C. Burer
1
LaVerne S. Burer
998
Total
1,000
LaVerne was employed by Realty as a saleswoman during part of 1951 and during 1952. Commencing in 1951, Realty also employed another saleswoman, paying her on a commission basis for sales of real estate which she effectuated. During 1951 and 1952, Realty maintained a regular checking account and *87 an escrow bank account. Deposits were made to and checks were drawn against those accounts. At least some of the income derived from the real estate operations carried on by Realty was deposited in those accounts. Checks made payable to Realty were endorsed by it and deposited in its bank accounts. Real estate was acquired, houses were constructed, and property was sold in Realty's name. Notice of deficiencies with respect to Realty's income taxes for the years 1951 and 1952 was mailed on September 26, 1956. Additions to tax against Realty were imposed in the deficiency notice for each of the taxable years under section 291(a) for failure to file timely returns and under section 293(b) for fraud. No part of the deficiency in either the year 1951 or 1952 was due to fraud with intent to evade tax. Walter C. Burer (Docket Nos. 65039 and 65040) Petitioner Walter C. Burer, a resident of Houston, Texas, and married to LaVerne S. Burer (now LaVerne S. Stages) during the years in issue, filed Federal income tax returns for the years 1948, 1950, 1951, and 1952 with the district director (or collector) of internal revenue, Austin, Texas. Walter did not file any income tax return for the year *88 1949. The returns filed which were for 1948, 1950, 1951, and 1952 purported to be joint returns of Walter and LaVerne but they were not joint returns. They were the separate returns of Walter. Walter's reported, stipulated, and unreported adjusted gross income, and his reported, stipulated, and unreported net income for the years in issue are as follows: Adjusted Gross Income
Year
Reported
Stipulated
Unreported
1948
$12,875.80
$62,221.92
$49,346.12
1949
No Return
7,507.25
7,507.25
1950
(13,517.00)
8,968.01
8,968.01
1951
758.15
12,921.83
12,163.68
$77,985.06
Net Income
1948
$ 1,163.80
$60,391.22
$59,227.42
1949
No Return
7,507.25 *
7,507.25
1950
None **
8,071.21
8,071.21
1951
None
11,921.83
11,921.83
$86,727.71
Walter has been a practicing certified public accountant since 1929. He was admitted to practice before this Court. He was enrolled and authorized to practice *89 before the Department of the Treasury, Internal Revenue Service, and during his practice has regularly appeared before the district director's office and the appellate division for the purpose of representing clients in income tax matters. Walter maintained no books and records during the years 1948 through 1952, his sole financial records being bank statements, canceled checks, and deposit slips. On the return filed for 1948, Walter took a deduction from adjusted gross income for a loss on a mining venture in the amount of $10,342.50. It is stipulated that the loss was $100. On that return Walter reported adjusted gross income of $12,875.80. It is stipulated that during 1948 he had net income of $60,391.22 and only reported net income of $1,163.80. Walter filed no return for 1949. It is stipulated that he received adjusted gross income for the year ended December 31, 1949, as follows: Item
Amount
Distributable net partnership in-
come, Burer & Alderson
$2,401.67
Distributable net partnership in-
come, Trinco Company
291.88
Interest income, University State
Bank
.67
Dividends, All Church Press
1.00
Capital losses, separate returns
(2,000.00)
Oil income, net after depletion
2.60
Rent income, net
829.52
Professional income, net
4,763.65
Unidentified advances to Kemso
Chemical Company
1,216.26
Adjusted gross income
$7,507.25
On *90 the return filed for 1950, Walter reported net professional income of $6,080 and claimed deduction of a bad debt loss in the amount of $20,000. It is stipulated that net professional income for the year was $9,036.75 and that there was a deductible capital loss of $1,000. On the return filed for 1951, Walter reported gross income in the amount of $10,258.15 from which he deducted $9,500 claimed as "Loss involved in payment of endorsed business obligation" to produce adjusted gross income of $758.15. It is stipulated that Walter received adjusted gross income for that year in the amount of $12,921.83, which amount takes cognizance of a capital loss in the amount of $1,000. In the deficiency notice it was stated: It is determined that the amounts of $1,960.22 and $16,919.31 realized from operations of the business under the name of State Realty Corporation for the years 1951 and 1952, respectively, are taxable to you. In the alternative, if it is held that the above income is taxable to State Realty Corporation for such years, then it is determined that for the year 1952 you received dividends of $2,091.79 from State Realty Corporation, which amount was not reported as income by you. *91 Hereinafter it will be seen that we hold the $1,960.22 for 1951 and the $16,919.31 for 1952 were not taxable income to Walter but were taxable income of State Realty Corporation. Walter did not file declarations of estimated tax for 1948, 1949, and 1952. Walter paid no estimated tax for any of the years 1948 through 1952. Walter filed a timely declaration of estimated tax for 1950 wherein no tax liability was estimated. Walter filed a declaration of estimated tax for 1951 on January 15, 1952, wherein no tax liability was estimated. Part of the deficiency in tax due from Walter for the year 1948 was due to fraud with intent to evade payment of tax. No part of the deficiencies for the years 1949, 1950, and 1951 is due to fraud with intent to evade tax. The Commissioner has imposed no addition to tax for 1952 under section 293(b) for fraud. Opinion BLACK, Judge: We shall consider the matters involving each of the taxpayers separately and in the order in which we have made our Findings of Fact applicable to each taxpayer. LaVerne S. Stages (Docket No. 65038) In this docket number the facts in the record show that LaVerne filed no return. She contends that she had no income individually *92 and therefore did not think that she had to file a return. The facts which were developed at the hearing show, however, that her then husband, Walter, had gross adjusted income in the amount of $7,507.25 and the details of this adjusted gross income have been given in our Findings of Fact. Respondent has determined that this income was community property income under the laws of the State of Texas and that LaVerne is taxable on one-half thereof. The laws of Texas do establish that one-half of the husband's community income is taxable to the wife even though she has no individual income. LaVerne does not dispute this as being the law. She does contend, however, that in 1947 she and Walter permanently separated and that at the time of their separation in 1947 they had an agreement that thereafter the income of each should be deemed his separate income and not community income; in other words that the "community of property" between them should be from then on dissolved permanently. In making the above-mentioned contention, LaVerne heavily relies upon Elsie SoRelle, 22 T.C. 459 (1954). But the evidence as to any such agreement is almost wholly lacking and is very different from that *93 which we had before us in the Elsie SoRelle case. As we said in Jack Douglas, 27 T.C. 306 (1956) at p. 317: Did Jack and Dorothy have any such agreement when they separated in April 1946, or at any time thereafter prior to their divorce on December 5, 1949? They certainly had no written agreement which "dissolved the community of property" such as was entered into by A. W. SoRelle and his then wife, Mabel, on February 19, 1946, after they had agreed to permanently separate on January 24, 1946. See Elsie SoRelle, 22 T.C. 459. There is no evidence that they had any oral agreement to "dissolve the community of property" between them. We make the same observation in the instant case as we made in the Jack Douglas case. There certainly was no written agreement to such effect and upon careful consideration of petitioner's contention in this respect, it is our view that there is no oral evidence in the record which would justify us in making a finding of fact that there was one. We hold against petitioner on this contention. Manifestly, the statute of limitations had not run against the assessment of the deficiency for 1949 because section 276(a) reads as follows: (a) False Return or No *94 Return. - In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. Concededly petitioner LaVerne filed no return for 1949. Therefore, we hold that the statute of limitations has not run to bar the deficiency against her. As shown in our preliminary statement, the Commissioner in the deficiency notice which he mailed to LaVerne imposed additions to tax under section 291(a) for failure to file a return, section 293(b) for fraud, section 294(d)(1)(A) for filing no estimation of tax, and section 294(d)(2) for underestimation of tax. He now concedes that he erred in imposing an addition to tax under section 294(d)(2) for underestimation of tax because no estimation of tax was filed at all. Petitioner LaVerne not having shown any reasonable cause as prescribed by the applicable statutes and as interpreted by our Court, the additions to tax under section 291(a) for failure to file any return at all and the addition to tax under section 294(d)(1)(A) are sustained. Respondent is not sustained in his imposition of addition *95 to tax under section 293(b) for fraud. We do not think he has borne his burden of proof as to the addition to tax for fraud. We have found under the evidence after a careful consideration of it, that "No part of the deficiency for 1949 was due to fraud with intent to evade tax." We think the evidence justifies hat finding and we so hold. LaVerne S. Stages (Docket No. 65039) This docket number involves deficiencies for 1948, 1950, 1951, and 1952 and the deficiency notice was mailed to "Walter C. Burer and LaVerne S. Burer, Husband and Wife," on August 31, 1956. We will discuss at a later part of this opinion Walter's liability for the deficiencies which have been determined against him. The principal issue in this docket number, insofar as LaVerne is concerned, is whether the returns filed for the years 1948, 1950, 1951, and 1952 were joint returns. In our Findings of Fact, after a very careful consideration of the evidence, we have found as a fact that the returns were not joint returns, that LaVerne did not sign them, and that she authorized no one to sign them for her. Therefore, the deficiencies and additions to tax determined against her cannot be sustained. See Alma Helfrich, 25 T.C. 404 (1955), *96 and Jack Douglas, supra.In the Helfrich case, among other things, we said: Moreover, we have held under similar circumstances that while it was incumbent upon the taxpayer to report her share of income from the property so held, the taxpayer was free to select the method of reporting it. She could have filed either a separate or joint return. Therefore, as petitioner herein did not intend to and did not in fact file a joint return she incurs no joint and several liability based on a joint return. * * * Respondent contends in the alternative that even though we should hold that the returns for 1948, 1950, 1951, and 1952 were not joint returns, nevertheless we should determine deficiencies against LaVerne based upon what has been stipulated as the income of Walter for the years 1948, 1950, 1951, and 1952. We do not think we have the authority to do this. The deficiency notice determines deficiencies against LaVerne and Walter on the basis that the returns filed were joint returns and if that were so her liability for the deficiencies would be joint and several, including the additions to tax for fraud, even though she was not guilty of any fraud. As pointed out above, we held in the *97 Helfrich case, supra, that where a wife did not intend to and did not in fact file a joint return she incurs no joint and several liability based on a joint return. We so hold in the instant case. This, of course, means that LaVerne filed no returns at all for 1948, 1950, 1951, and 1952 and doubtless the Commissioner will have the power and the authority still to issue deficiency notices for 1948, 1950, 1951, and 1952 as he has done for 1949. See Docket No. 65038. But this he will have to do because we know of no authority to sustain deficiencies against LaVerne based on joint returns where we have made a finding of fact that there were no joint returns. We sustain petitioner LaVerne on this issue. In Docket No. 65039 there is no deficiency against LaVerne; we so hold. State Realty Corporation (Docket No. 65368) The first issue presented as to Realty is whether assessment and collection of the deficiency is barred by operation of the statute of limitations. Section 275(a); [3]section 6501(a), Internal Revenue Code of 1954. In the first paragraph of its petition Realty alleges that returns were filed for the years in issue. The allegation is admitted in the answer. The returns are not *98 in evidence. Although an amended petition recites the date on which the notice of deficiencies was mailed and alleges that the statute of limitations bars assessment, there is nothing in the record to establish the dates of the filing of the returns. A long and clear-cut line of cases [4] *99 has established that the limitation on assessment and collection is an affirmative defense requiring proof of the date of the filing of the return which is alleged to start the running of the statutory period, and that absent such proof, a taxpayer fails to establish the defense. In the instant case there is no evidence as to the dates of filing of the returns, and we hold that Realty has failed to prove that assessment and collection of the tax is barred by the statute of limitations. Realty's contention on the merits of the case is that its income was really that of Walter and LaVerne, that it was but the alter ego of Walter during the years in issue and, concomitantly, that it realized no taxable income since it was but a name attached *100 to Walter's real estate operations. We do not think that the record supports that contention. The Supreme Court has said of such personal corporations, in Moline Properties, Inc. v. Commissioner, 319 U.S. 436 (1943), affirming 131 F. 2d 388 (C.A. 5, 1942), that: The doctrine of corporate entity fills a useful purpose in business life. Whether the purpose be to gain an advantage under the law of the state of incorporation [2] or to avoid [3] or to comply with [4] *101 the demands of creditors or to serve the creator's personal or undisclosed convenience, [5] *102 so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity. It matters little that the corporation's sole shareholder considers the business carried on by the corporation to be his own or that he views the corporation as but an extension of his individual personality, for "Undoubtedly the great majority of corporations owned by sole stockholders are 'dummies' in the sense that their policies and day-to-day activities are determined not as decisions of the corporation but by their owners acting individually." National Carbide Corp. v. Commissioner, 336 U.S. 422 (1949). Thus, the long established rule of law applicable to the instant case is, as set forth in Bancker v. Commissioner, 76 F. 2d 1 (C.A. 5, 1935): The tax laws make substantial differences between individuals and corporations, and in tax matters the tendency is not to ignore the corporate entity unless it be used to defraud the law, but rather, when natural persons are using corporate forms to do their business, they and their corporations are held to the literal consequences. The amounts of the income derived from the real estate operations conducted by Realty *103 are not in dispute. The record, we think, supports, rather than contradicts, the respondent's determination that the income is taxable to the corporation rather than to its shareholder. We hold, therefore, that Realty has failed to prove that respondent erred in determining that it received taxable income in the years in issue in agreed amounts. Cf. Nelson v. Commissioner, 281 F. 2d 1 (C.A. 5, 1960), affirming a Memorandum Opinion of this Court; Whitfield's Estate v. Commissioner, 192 F. 2d 494 (C.A. 5, 1951), affirming 14 T.C. 776 (1950). Respondent has determined additions to tax for fraud under section 293(b). [5] As to this issue, respondent bears the burden of proof. Section 7454, Internal Revenue Code of 1954. We have made a finding of fact that no part of the deficiency in either year, 1951 or 1952, was due to fraud with intent to evade tax. We have a dispute herein as to whom the income derived from real estate operations was taxable. We have held herein that it was taxable to Realty. That does not mean, however, that the failure of Realty to report such income for taxation was due to fraud with intent to evade the tax. We do not think that the Commissioner has met his burden *104 of proof to show fraud on the part of Realty. We, therefore, do not sustain the additions to tax under section 293(b). We hold for Realty on this issue. Respondent has also determined an addition to Realty's taxes for 1951 and 1952 under section 291(a)[6] for failure to file timely returns. Although Realty has alleged and respondent has admitted that returns were filed, there is no showing that the filing was timely. Section 52(a) provides, in part, as follows: (a) Requirement. - Every corporation subject to taxation under this chapter shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this chapter and such other information for the purpose of carrying out the provisions of this chapter as the Commissioner with the approval of the Secretary may by regulations prescribe. *105 * * * Regulations 118, section 39.52-1, promulgated thereunder, set forth the applicable requirements as follows: Sec. 39.52-1 Corporation returns. (a) Every corporation not expressly exempt from tax must make a return of income, regardless *106 of the amount of its net income. * * * (b) A corporation having an existence during any portion of a taxable year is required to make a return. * * * A corporation which has received a charter, but has never perfected its organization, which has transacted no business and had no income from any source, may upon presentation of the facts to the district director of internal revenue be relieved from the necessity of making a return as long as it remains in an unorganized condition. In the absence of a proper showing to the district director of internal revenue such a corporation will be required to make a return. In its petition herein Realty alleges that "Petitioner had no income during the years involved and the filing of returns being a formality their timely filing was overlooked." Realty does not contend that it is exempt from tax; rather it contends that no tax is due for the years in issue. The contention that it owes no tax is not reasonable cause for the failure of a corporation to file a timely return. Lee Lash Co., 6 B.T.A. 165 (1927). Certainly, a taxpayer's opinion that the statutory requirement of filing is but a "formality" does not constitute reasonable cause for the *107 failure to file. We hold that Realty has failed to prove that respondent erred in the imposition of the additions to tax under section 291(a). Walter C. Burer (Docket Nos. 65039 and 65040) Walter no longer contests the amount of income he received during the years in issue. It is stipulated that he received income which was not reported by him. The additional amounts stipulated constitute items of gross, or adjusted gross income which he did not report. Although at trial Walter explained that he felt he reported the proper net amounts, the stipulation does not bear out the plea. Nor does the fact that he maintained only the skimpiest of records indicate that such a belief was well founded. Walter is a certified public accountant with long experience in the field of taxation. He maintained records insufficient to a proper determination of his income from multiple sources. He failed in some years to file declarations of estimated tax. In one year he failed to file any return at all. It is true, of course, that the burden of establishing fraud is upon the respondent. Section 7454, 1954 Code. As we have said, however, in Arlette Coat Co., 14 T.C. 751 (1950), at p. 756: Where over a course *108 of years an intelligent taxpayer and business man has received income in substantial amounts, as shown by this record, and has failed to report that income, and where no books or records were kept by him and no tenable explanation was offered for the failure to report the income received, the burden of the respondent, in our judgment, is fully met. * * * Considering the fact that it has been stipulated that Walter reported on the so-called joint return which he filed for 1948 adjusted gross income of $12,875.80 and that it has been stipulated that he had $62,221.92 adjusted gross income for 1948, on this fact and other evidence in the record, we have made a finding of fact that part of the deficiency for 1948 is due to fraud with intent to evade the tax. We hold that the Commissioner has met his burden of proof to show fraud as to 1948 and he is sustained as to the addition to tax which he imposed under section 293(b) for that year. We do not believe that, all the evidence considered, he has sustained his burden of proof as to the other years before us. We have, therefore, made a finding of fact that no part of the deficiencies for 1949, 1950, and 1951 is due to fraud with intent to *109 evade tax. We so hold. The Commissioner did not impose additions to tax for 1952 under section 293(b). As to the years 1949, 1950, and 1951 Walter had some very substantial losses. He contended that they were ordinary losses and allowable in full. The Commissioner has held that they were capital losses and allowable only to the limited extent permitted by the statute. The stipulation resolves that question in favor of the Commissioner. However, we do not think we would be justified in holding fraud against Walter in 1949, 1950, and 1951 in view of what the records show for those years. Respondent has also determined additions to tax for failure to file timely returns and for failure to file timely declarations of estimated tax for various years. Aside from Walter's statement that he felt he reported the proper net amounts of taxable income, no proof was submitted as to the issue of whether the omissions were due to reasonable cause and not due to willful neglect. Nor was any proof offered to show that timely declarations were made. We hold, therefore, that Walter has failed to prove that respondent erred in determining additions to tax under sections 291(a), 294(d)(1)(A), and 294(d)(2) *110 for the years 1950 and 1951, the years in which estimated tax returns were filed but showed no tax. *
It has been stipulated as follows: The parties agree that in the event it is determined that the returns filed for the years 1948, 1950, 1951, and 1952, Joint Exhibits 1-A to 4-D, inclusive, are not the joint returns of Walter C. and LaVerne S. Burer [Stages] but are separate returns filed by Walter C. Burer, the amount of income stipulated above with respect to such years, is to be included in his taxable income to the extent of his community share under the laws of the State of Texas. We having held that the returns filed for 1948, 1950, 1951, and 1952 were not joint returns but were the separate returns of Walter, the foregoing stipulation should be given effect in a recomputation under Rule 50. Decision will be entered under Rule 50 to give effect also to other concessions of the parties and this Opinion. Decisions will be entered under Rule 50. Footnotes
1. The following proceedings are consolidated herewith: Walter C. Burer and LaVerne S. Stages, Docket No. 65039; Walter C. Burer, Docket No. 65040: and State Realty Corporation, Docket No. 65368.↩
**. Previous sentence was deleted and a new sentence was added by an official order of the Tax Court, dated October 18, 1961 and signed by Judge Black.↩
2. All section references are to the Internal Revenue Code of 1939, unless otherwise stated. a1 The figure $1,016.04 was changed to $1,016.14 by an official order of the Tax Court, dated October 12, 1961 and signed by Judge Black.↩
**. Previous sentence was deleted and a new sentence was added by an official order of the Tax Court, dated October 18, 1961 and signed by Judge Black.↩
*. Net income for 1949 was not stipulated, but gross income of $7,507.25 was stipulated and no itemized deductions were shown nor was the standard deduction elected. ↩
**. That portion of the return which shows reported net income is not in evidence, but reported gross income showed a loss and the tax due for the year was shown as "none", indicating no net income.↩
3. SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION. Except as provided in section 276 - (a) General Rule. - The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.↩
4. Young v. Commissioner, 208 F. 2d 795 (C.A. 4, 1953), affirming per curiam a Memorandum Opinion of this Court; Refiners Production Co., 43 B.T.A. 481 (1941); Ardbern Co., Ltd., 41 B.T.A. 910 (1940), reversed on other grounds 120 F. 2d 424 (C.A. 4, 1941); Sigurd A. Emerson, 35 B.T.A. 901 (1937), reversed on other grounds 98 F. 2d 650 (C.A. 3, 1938); Clark McK. Whittemore, 35 B.T.A. 757 (1937); M. A. Nicholson et al., 22 B.T.A. 744 (1931); Lester L. Robinson, 22 B.T.A. 395 (1931), affd. (point not covered) sub nom. Commissioner v. Bryson, 79 F. 2d 397 (C.A. 9, 1935); E. J. Lorie, 21 B.T.A. 612 (1930); Continental Products Co., 20 B.T.A. 818 (1930); Mary G. Iba, 20 B.T.A. 222 (1930); B. B. Jones, 18 B.T.A. 1225 (1930), reversed on other grounds 71 F. 2d 214 (C.A.D.C., 1934); Louis M. Weiller et al., Trustees, 18 B.T.A. 1121 (1930), affd. (point not covered) 64 F. 2d 480 (C.A. 2, 1933); L. J. Christopher et al., 13 B.T.A. 729 (1928); Edward M. Lawrence, 3 B.T.A. 40↩ (1925).
2. All section references are to the Internal Revenue Code of 1939, unless otherwise stated. ↩
3. SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION. Except as provided in section 276 - (a) General Rule. - The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.↩
4. Young v. Commissioner, 208 F. 2d 795(C.A. 4, 1953), affirming per curiam a Memorandum Opinion of this Court; Refiners Production Co., 43 B.T.A. 481 (1941); Ardbern Co., Ltd., 41 B.T.A. 910 (1940), reversed on other grounds 120 F. 2d 424 (C.A. 4, 1941); Sigurd A. Emerson, 35 B.T.A. 901 (1937), reversed on other grounds 98 F. 2d 650 (C.A. 3, 1938); Clark McK. Whittemore, 35 B.T.A. 757 (1937); M. A. Nicholson et al., 22 B.T.A. 744 (1931); Lester L. Robinson, 22 B.T.A. 395 (1931), affd. (point not covered) sub nom. Commissioner v. Bryson, 79 F. 2d 397 (C.A. 9, 1935); E. J. Lorie, 21 B.T.A. 612 (1930); Continental Products Co., 20 B.T.A. 818 (1930); Mary G. Iba, 20 B.T.A. 222 (1930); B. B. Jones, 18 B.T.A. 1225 (1930), reversed on other grounds 71 F. 2d 214 (C.A.D.C., 1934); Louis M. Weiller et al., Trustees, 18 B.T.A. 1121 (1930), affd. (point not covered) 64 F. 2d 480 (C.A. 2, 1933); L. J. Christopher et al., 13 B.T.A. 729 (1928); Edward M. Lawrence, 3 B.T.A. 40↩ (1925). 5. SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY. * * *
(b) Fraud. - If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612(d)(2).
5. SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY. * * *
(b) Fraud. - If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612(d)(2).↩
6. SEC. 291. FAILURE TO FILE RETURN. (a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: 5 per centum if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. The amount added to the tax under this section shall be in lieu of the 25 per centum addition to the tax provided in section 3612(d)(1)↩
*. Previous sentence was deleted and a new sentence was added by an official order of the Tax Court, dated October 18, 1961 and signed by Judge Black.↩